LAZARUS et v. CLEVE. HOUSE. SUPPLY CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7490. Decided Oct. 4, 1926

1223. VACATION—Illness of counsel for defendant, and confinement to his home, is such casualty and misfortune as to warrant the vacation of a judgment by default after term as provided for in 11631 GC.

SULLIVAN, J.

Isaac Lazarus et al. recovered a default judgment against the Cleveland Household Supply Co. in the Cleveland Municipal Court. The Supply Co., after term, prayed for a vacation of this judgment by virtue of 11631 GC. which provides that judgments may be vacated after term for unavoidable casualty and misfortune preventing the party from prosecuting or defending.

It seems that the attorney in charge of the case for the Supply Co. at the time of the service of summons in the original action, upon the filing of the statement of claim, was ill and confined to his home and that his illness was of such a nature that he could not, without hazard to his health, represent the interests of his client in the trial of the case. The lower court vacated the judgment obtained by default in the original action, having been advised of a meritorious defense. Error was prosecuted and Lazarus contended that the default of counsel does not excuse the negligence of the party to the action, who has full knowledge of the circumstances which resulted in the judgment by default. The Court of Appeals held:

1. A party seeking the vacation of a judgment by default must show not only a good defense but that he was without negligence on his part and that of his attorney and that

he exercised due diligence in' attempting his defense, and unavoidable casualty.

2. The negligence of the party himself will not excuse any inattention to professional duty on part of the attorney with reference to pending litigation.

3. Illness of counsel has always been considered a sufficient reason for the passing or continuance of a case, and when such a condition exists, it would appear that judgment by default is an extreme measure.

4. The illness was a casualty and a misfortune and there is no evidence that it was not unavoidable, same being the reason why the Supply Co. was not properly represented.

5. The fact of probable defense added to this circumstance makes it clear that the court did not abuse its discretion in vacating the judgment.

6. Under the record and 11631 GC., the unavoidable casualty and misfortune which prevented the party from defending, projects sufficiently from the record to warrant a finding that no prejudicial error existed; and a hearing on the case ought to work no injury to either party except as it is deducible from the actual facts arising in the record.

Judgment therefore affirmed.

(Levine, PJ., and Vickery, J., concur.)

**Attorneys**—J. M. Andrus and Rothenberg & Smith for Lazarus et; Gernsteen & Bernsteen for Company; all of Cleveland.