## GEPHART et v BLACK et

Ohio Common Pleas, Montgomery Co

No 72309.   Decided April 1, 1933

W. S. Rhotehamel, Dayton, for plaintiff.
N. K. Brumbaugh, Dayton, for defendant.

SNEDIKER, J.

This action was commenced to enjoin the sheriff of this county from advertising and selling property of the plaintiffs and for the vacation of a judgment rendered against the plaintiffs in case No. 66334 on the docket of this court. Such proceedings were had that an issue was made up in the instant case and when it came on for hearing the case was submitted to the court on an agreed statement of facts which, with briefs of counsel, was left with us for a determination of whether or not the judgment rendered in case No. 66334 should be suspended because of unavoidable casualty or misfortune which presented plaintiffs, as defendants in case No. 66334, from resisting the cause of action set up by Claude Black in his petition therein.

It is unnecessary for us to re-recite the facts found in the agreed statement of facts. Taking them into consideration, were these plaintiffs put in a position in case No. 66334 which entitles them to the relief of a suspension of the judgment therein rendered, for the purpose of setting up any defense which they have to that action?

We have examined the briefs of counsel and made some independent investigation for the purpose of interpreting the provisions of the statute which allow the vacation or modification of a judgment after term because of unavoidable casualty. And here let us remember that the objection to the judgment sought to be vacated or modified is within time if it complies with the provisions of the code in this behalf.

Freeman in his work on Judgments says that such relief may be afforded "where unforseen circumstances intervene, such as illness or injury."

Black in his work on Judgments says that:

"Mental unsoundness is such a misfortune within the meaning of the statutes as would authorize a court to vacate or modify a judgment."

In considering these authorities in connection with this case we must not forget that an attorney is the alter ego of his client and that Kreitzer's disability ought to be regarded as reflecting back upon the possibility of these plaintiffs appearing at the former trial.

In the case of Lazarus et, partners d. b. a. Lazarus & Rosenfeld v The Cleveland Household Supply Co., (4 Abs 828; 6 Abs 471), the Court of Appeals of Cuyahoga County said in the opinion:

"Illness of counsel has always been considered a sufficient reason for the passing or the continuance of a case; and when such a condition exists it would appear that a judgment by default is an extreme measure. There is no question but that the illness was a casualty and a misfortune, and, in our opinion, there is no evidence that it was not unavoidable, and it clearly appears to be the reason why the defendant in error was not properly represented in court."

In the case of Small, etc. v Reeves, etc., 104 Ky. 289, the first syllabus reads:

"Unsoundness of mind is an unavoidable

casualty or misfortune within the meaning of that phrase as used in subsection 7, §518, civil code."

Of course, as said by the Court of Appeals in the case of Raab's administrator v The Board of County Commissioners of Cuyahoga County et (8 Abs 707):

"In absence of statutory grounds for vacating default judgment court is powerless to vacate the judgment merely because there is a valid defense."

A. W. Schulman, Dayton, contra.
W. S. Rhotehamel, Dayton, for motion.

But if such statutory cause exists in a case like the one we are considering and an application is made within the time limited by law, there is only one thing for the court to do in pursuance of justice. After a man is employed and relied upon by persons at the time of life of these plaintiffs, who have no knowledge of legal procedure or of the requirements thereof, and that man without their knowledge is mentally incompetent and becomes incarcerated after the employment in an asylum and subsequently is committed because of an offense, such relief as is asked for in the petition in the instant case on account thereof ought to be allowed.

We think, as did Judge White in the case of Shade v Simmons, that there should be a suspension of a judgment rendered against the plaintiffs in the cause in which such attorney was employed so as to let in the defense which they can make on account of such facts as are set forth in this petition. And for that purpose an entry may be drawn suspending the judgment and all proceedings thereunder until an issue can be made up and tried in case No. 66334.