STINE, Plaintiff-Appellant, v. SPRINGFIELD CITY LINES, INC., Defendant-Appellee.

Ohio Appeals, Second District, Clark County.

No. 521.   Decided December 19, 1955.

George B. Smith, William T. Hicks, Springfield, for plaintiff-appellant.
Kenneth L. Rush, John W. Henderson, Springfield, for defendant-appellee.

## OPINION

By THE COURT:

Submitted on motion of the appellee seeking an order dismissing the appeal for failure to file assignment of errors and brief within the time required by Rule VII of this Court. The record reveals that the judgment was entered on January 24, 1955, and motion for a new trial was overruled on February 23, 1955; that a bill of exceptions was seasonably filed on April 9, 1955, but that nothing further has been filed up to the time of the filing of this motion, to wit, October 11, 1955. It there-

fore appears that the appellant has been in default for a period of some seven months. For many years this Court has strictly enforced the aforesaid rule unless good cause was shown for the failure to do so. Counsel for the appellant has filed a memorandum opposing the motion, which is not supported by affidavit, in which he urges that the appellant became dissatisfied with her counsel who instituted the appeal and discharged them; that the appellant was not familiar with the rule and was also unable to secure new counsel until recently. These are merely conclusions on the part of counsel based upon hearsay evidence, and will not be considered as good cause for noncompliance with the rule. See §2505.21 R. C.

The motion will be sustained.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.

No. 521. Decided June 28, 1956.

William H. Ruger, Cincinnati, for plaintiff-appellant.
Kenneth L. Rush, John W. Henderson, Springfield, for defendant-appellee.

## OPINION

By HORNBECK, J.

Submitted on general demurrer of appellee to the petition.

The petition of appellant seeks a vacation of a judgment of a dismissal of an appeal, in a case bearing the same number as the petition, for failure of appellant to file briefs in conformity to Rule VII of this court.

At the time that the motion to dismiss the appeal was decided appellant was and had been for seven months in default for failure to file briefs. In opposition to the motion counsel for appellant, without supporting affidavit, stated that the appellant became dissatisfied with her counsel, who instituted the appeal, and discharged them; that the appellant was not familiar with the rule and was unable to secure new counsel until recently. There was no statement to the effect that counsel for appellant had been discharged prior to the time when briefs should have been filed in her behalf in compliance with Rule VII. There was no statement that counsel for appellant was unfamiliar with the rule. Obviously, it would not be expected that appellant would be conversant with the rule. Notwithstanding the averment that counsel for appellant had been discharged it was said that appellant was prepared to file her brief if the court permitted.

Obviously, there was no sufficient cause appearing to prevent the enforcement of Rule VII.

The right of appellant to have the judgment of dismissal vacated is properly set up by petition inasmuch as the order was made at a prior term of court. It should, if conformable to §2325.01 R. C., set up one of the grounds therein which, if true, would support a vacation of the judgment. We find no one of these grounds asserted in the petition.

The gist of the petition supported by several affidavits is that appellant relied upon her counsel and that they failed to act in her behalf on the appeal as she had been promised they would do. This petition was filed May 31, 1956, five months after the opinion sustaining the motion to dismiss.

In the last analysis it is the claim of the appellant that her counsel did not properly represent her. This, if true, is an unfortunate situation, but it did not prevent counsel acting in her behalf in conducting the appeal and she was bound by the acts of her counsel.

We regret that appellant has been denied her day in court, but we can find no substantial reason, by the averments of the petition, which would justify this court in opening up the judgment after the term.

The demurrer will be sustained.

MILLER, PJ, WISEMAN, J, concur.

No. 521.  Decided October 24, 1956.

**OPINION**

By THE COURT.

Submitted on general demurrer to plaintiff's amended petition.

Plaintiff's appeal in this case in this court was dismissed for failure to observe Rule VII as to the filing of assignments of error and briefs. A petition filed after term seeking to set aside the order of dismissal was challenged by general demurrer which was sustained.

An amended petition has been filed, the averments of which are quite different and much more detailed in factual development than those appearing in the petition. After setting out the basic allegations for relief after judgment under §2325.01 R. C., viz., "unavoidable casualty or misfortune preventing the party from prosecuting * * *" incorporates many grounds for the conclusion of law. Without enumerating them, suffice to say, they involve the charge that counsel for plaintiff who were representing her at the time that her appeal was perfected and pending in the Court of Appeals, with knowledge of the legal procedure essential to protect plaintiff's rights on her appeal, deliberately failed to protect her interest. These averments, if true, disclose a violation of the basic obligations of an agent toward his principal, viz., loyalty, obedience to instructions, disclosure of information to principal vital to her interests and a failure to exercise due care, professional skill and diligence. **2 O. Jur. 2d, Agency, 170, 171.**

The amended petition with affidavits pleads ultimate facts which as against the demurrer must be accepted as true and in the broad sense of the term constitute "unavoidable misfortune" as appearing in §2325.-01 (G) R. C. which prevented plaintiff having her day in court on her appeal.

The demurrer will be overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.