Andring, Appellee, *v.* Andring, Appellant.

[Cite as Andring v. Andring, 3 Ohio App. 2d 417.]

(No. 27261—Decided September 30, 1965.)

*Mr. John F. Choffey*, for appellee.
*Messrs. Rini & Hecht*, for appellant.

CORRIGAN, J. This appeal comes to this court on questions of law from a judgment of the Court of Common Pleas of Cuyahoga County entered on its denial of defendant-appellant's petition to vacate the judgment.

The salient facts begin on January 3, 1962, when plaintiff brought an action for alimony only against her husband in which she sought both temporary and permanent alimony. Thereafter defendant filed an answer and cross-petition for divorce. Hearings were had on plaintiff's motion for temporary alimony and two subsequent motions to modify and she was awarded temporary support only for a brief period ending May 24, 1962. The second motion to modify the temporary award was heard on August 5, 1963, and at that time she was denied any further temporary alimony.

Almost two years after the filing date the case was set for a pretrial hearing in the court below. Notice of the pretrial was by publication in the Daily Legal News which is the official court publication. The defendant's attorney and his secretary missed this notice carried in the Daily Legal News. At the hearing on the petition to vacate this attorney testified that he was out of the city on the day of the pretrial. It should be noted, as contained in the bill of exceptions, that the defendant's attorney of record at that time is an assistant law director in the law department of the city of Cleveland and his secretary is likewise an employee of that department. Apparently, in addition to his official duties, he is permitted to carry on a private law practice and the check for his private cases listed in the Daily Legal News is expected to be made by a member of the secretarial staff of the city law department.

The docket reflects that thereafter the case was set down for hearing as a noncontested case by the trial court. This was done notwithstanding the fact that neither the answer nor the cross-petition of defendant had been withdrawn or dismissed by defendant or his counsel.

Notice of this scheduled hearing on the merits was likewise carried in the Daily Legal News and the listing still bore the name of defendant's attorney. Once again, defendant's attorney and his secretary in the city law department failed to see the notice in the Daily Legal News. The matter was heard by the

court as a noncontested case on December 11, 1963, with neither the defendant nor his attorney being present. A journal entry was prepared by plaintiff's attorney in accordance with the decision of the trial court awarding to plaintiff $5,500 alimony, which sum included $500 to be paid as counsel fees to her lawyer, and dismissing the answer and cross-petition of defendant. The court found, as explained by the journal entry, that the defendant had been guilty of gross neglect of duty and willful absence for more than three years. It is interesting that the latter part of the court's finding is not mentioned in the notation which the trial judge placed on the court file as follows:

"12-11-63 Disposed of. Def not in Ct.—Decree for Pltf. O. S. J. G. N. PBJ"

This is translated as follows:

"December 11, 1963. Disposed of. Defendant not in Court. Decree for plaintiff. Order See Journal. Gross Neglect. Perry B. Jackson."

This journal entry was not submitted to the attorney of record for defendant before being presented to the trial judge for signature.

Defendant was first apprised of the foregoing judgment in the case during the next term of court by a letter from plaintiff's attorney. He thereupon informed his attorney and this was the latter's first knowledge of such disposition. Defendant then engaged his present attorney who filed a petition to vacate the judgment on his behalf.

The sole assignment of error is that "The Court of Common Pleas erred in denying the defendant-appellant's Petition to Vacate Judgment." Argument in support of this claimed error has two branches, namely:

A. The failure of defendant's attorney to inform him of the pending hearings constituted an unavoidable casualty or misfortune.

B. The judgment against defendant ultimately resulted from the failure of plaintiff's counsel to comply with the rule of court, and this constituted unavoidable casualty and misfortune.

Defendant's petition to vacate judgment is predicated on Section 2325.01, Revised Code, which in part provides:

"The Court of Common Pleas or Court of Appeals may

vacate or modify its own final order, judgment, or decree after the term at which it was made:

"* * *

"(g) For unavoidable casualty or misfortune, preventing the party from prosecuting or defending:

"* * *"

The general rule of law seems to be that the negligence of an attorney may be imputed to his client when by the exercise of care on the client's part, he would have avoided the consequences of the negligence of his attorney. See *Petersen* v. *Koch* (1899), 110 Iowa 19, 81 N. W. 160. The court held in this latter case that a person employing counsel and paying his fees has a right to rely upon his attorney to inform him as to the time of trial of his case or anything required of such party for the purpose of defending the action, and the failure of such party to appear and defend by reason of the failure of such attorney to inform him of the time of the trial constitutes unavoidable casualty.

This doctrine was quoted with approval by the Supreme Court of Oklahoma in *Anderson* v. *Graham, Admx.* (1922), 87 Okl. 278, 210 P. 281, wherein it was stated:

"It appears to us that the better rule in this class of cases is that a party may be held excusable for relying upon the diligence of counsel when it clearly appears that the party himself has not been neglectful and has given all proper attention to the litigation. See *Manning* v. *Roanoke, etc. R. R. Co.*, 122 N. C. 824, 28 S. E. 963."

See also *Tippins* v. *Turben* (1933), 162 Okl. 136, 19 P. 2d 605, and *Patterson* v. *Uncle Sam Oil Co* (1917), 101 Kan. 40, 165 P. 661.

In the instant case the defendant has done nothing negligent in connection with the litigation in which he is involved. He retained an attorney licensed to practice in Ohio and this attorney, pursuant to his retention, filed certain pleadings on defendant's behalf. The record does not show that the defendant was aware that his attorney would rely upon a city law department coworker to check pretrial and trial notices of that attorney's private cases. This coworker is not employed by the city for such a purpose and the record does not disclose that

she is paid by the attorney for such extra services. If she carelessly overlooked the notices of pretrial and trial that did appear in the official court paper and for that reason did not apprise defendant's attorney of the notices, should this defendant be deprived of his day in court and be subjected to the obligation of this substantial money judgment against him? We think not under the circumstances of this case. The defendant had a right to rely upon his attorney to inform him of the time of the pretrial and as to the time of the trial and as to anything he might be required to do as a matter of defense. The record is devoid of any reason the defendant might have had to anticipate the failure of his attorney to attend to his case.

In *Tippins* v. *Turben, supra,* the court quotes from *Anderson* v. *Graham, supra,* a part of the opinion particularly appropriate to our case:

" 'It appears to us that the better rule in this class of cases is that a party may be held excusable for relying upon the diligence of counsel, when it clearly appears that the party himself has not been neglectful and has given all proper attention to the litigation.'

"We think this language is especially applicable to the record in this case. To permit this judgment to stand would be a reproach upon courts of justice. The technical rules of procedure and the rules of estoppel and finality of decisions must not be applied so as to work injustice instead of furthering the ends of justice. They must not be used as snares to entrap the unwary feet of the deserving litigant, who relies, and has a right to rely, in the absence of notice, upon the diligent and proper representation of his interests by authorized officers of the court."

It should be noted that the above cases of our sister states were decided under identical statutes as the Ohio statute relied on by defendant.

In this case, upon service of summons, defendant diligently retained counsel to represent him. Pleadings were filed on his behalf permitting the issues to be fully joined. Ancillary proceedings were held in the Domestic Relations Department during this period. There is no question that there was no neglect on his part and that he had the right to fully rely on

his attorney to inform him of any proceedings. The failure of his attorney to notify him of such proceedings prevented him from defending the alimony petition and from prosecuting his cross petition for divorce and culminated in a $5,500 judgment being rendered against him. Such attorney's negligence should not be imputed to him.

It is our decision that under such facts defendant has met with an unavoidable casualty or misfortune preventing him from both defending and prosecuting and that he should be accorded his day in court.

The judgment is hereby reversed as contrary to law and the cause is remanded to the Court of Common Pleas with instructions to grant defendant's petition to vacate and for further proceedings according to law.

*Judgment reversed.*

KOVACHY and WASSERMAN, JJ., concur.