BEREA BUS LINES CO., APPELLANT, *v.* SEMINATORE ET AL., APPELLEES.

(No. 29088—Decided January 16, 1969.)

*Messrs. Jamison, Ulrich, Johnson, Burkhalter & Hesser,* for appellant.
*Messrs. Stewart and DeChant,* for appellees.

CORRIGAN, J. This is an action brought by plaintiff, Berea Bus Lines Company, to vacate, after term, a default judgment obtained against it by the defendants, Natalie and Charles Seminatore. In plaintiff's second amended petition, Section 2325.01 (G), Revised Code, was asserted as the statutory ground for vacating the judgment. Section 2325.01 (G), Revised Code, reads;

"The Court of Common Pleas or the Court of Appeals may vacate or modify its own final order, judgment, or decree after the term at which it was made:

"'* * *

"(G) For unavoidable casualty or misfortune, preventing the party from prosecuting or defending * * *.''

The allegations of this petition set forth facts which reveal that plaintiff purchased insurance from an insurance agent named Robert Kujanek. The insurance was designed to protect Berea Bus Lines from the type of claim filed by defendants in their original action. Although agent Kujanek delivered an allegedly valid insurance policy to plaintiff, he had, in fact, never notified the parent insurance company, and instead had simply converted the premiums for himself. Thus, Berea Bus Lines had no insurance.

In January 1966, Natalie Seminatore, wife of Charles Seminatore, left her children at Midpark High School in Middleburg Heights, Ohio, and was exiting from the school when a collision occurred between her car and one of plaintiff's school buses. Defendants herein filed suit against plaintiff company on September 7, 1966, in the Common Pleas Court. On September 9, 1966, plaintiff was served with petition and summons in the action and immediately forwarded the suit papers to its insurance company agent, Kujanek. According to plaintiff's amended petition to vacate, plaintiff inquired of Kujanek about the status of the lawsuit on several occasions, and was assured by him as to its progress. On December 23, 1966, defendants secured a default judgment against plaintiff in the amount of $4,000. In March 1967, an attachment on the assets of the Berea Bus Lines found at the National City Bank of Cleveland in the amount of the judgment was secured. Immediately thereafter, on March 13, 1967, a petition to vacate the judgment was filed by counsel for plaintiff. A demurrer to plaintiff's second amended petition was sustained by the trial court and a motion to reconsider was denied. The appeal to this court followed.

Appellant asserts one assignment of error:

"The court below erred in sustaining a demurrer to

the second amended petition on the ground that it did not state a cause of action for 'unavoidable casualty or misfortune.' "

In the opinion of this court, appellant's second amended petition did allege facts sufficient to state a cause of action under Section 2325.01 (G), Revised Code. It is well established in Ohio that the negligence, or incompetence, or wrong doing of an attorney, if clearly shown, will not be imputed to his client in an action to vacate a default judgment where it appears that the client has given all reasonable attention to the litigation. *Andring* v. *Andring,* 3 Ohio App. 2d 417, 211 N. E. 2d 59 (1965); *Lazarus* v. *Cleveland Household Supply Co.,* 23 Ohio App. 15, 154 N. E. 343 (1915); *Stine* v. *Springfield City Lines, Inc.,* 76 Ohio Law Abs. 114, 145 N. E. 2d 435 (1955); *Gephart* v. *Black,* 14 Ohio Law Abs. 163 (1933); 32 Ohio Jurisprudence 2d 281 to 288, Judgments, Sections 587 to 595; 4 Ohio Jurisprudence 2d 518, Appellate Review, Section 1166.

Is there a similarity between these cases and the case at bar? The Iowa Supreme Court, working with similar statutes, thought so. In *Edgar* v. *Armored Carrier Corp.,* 256 Iowa 700, 128 N. W. 2d 922 (1964), the court held, on the authority of several attorney-client cases, that where a legal summons sent to the insurer by its insured is lost in the insured's office, the insurer, as agent for its insured, had a right to have the default judgment against the insured set aside.

Appellees herein contend that the Berea Bus Lines should have avoided this casualty by checking with the home office of the insurance company. In effect, this argument demands that Berea Bus Lines should have uncovered Kujanek's fraud in order to establish a case of "unavoidable casualty or misfortune." Other courts have not required a party to go this far. For example, the Supreme Court of Iowa held in *Hobbs* v. *Martin Marietta Co.,* 257 Iowa 124, 131 N. W. 2d 772 (1964) that even though a defendant company failed to follow up on its law suit after sending the legal papers to its insurance company, it was still entitled to have the default judgment set aside when

the facts revealed that the papers were lost in the insurance company's mail room. The court said, at page 131:

"We are not prepared to hold that in the operation of such large business enterprises the law requires constant checking to see that papers sent through the regular channels are received and acted upon, nor do we think the failure to do so here amounted to carelessness within the meaning of our rule. To be careless and inattentive, as the terms are applied here, means to give the matter no care, no attention, approaching gross neglect or willful procrastination. * * *;"

See, also, *Stehman* v. *Reichhold Chemicals, Inc.*, 57 Ill. App. 2d 40, 206 N. E. 2d 299 (1965); *Spencer* v. *American United Cab Assn.*, 59 Ill. App. 2d 165, 208 N. E. 2d 118 (1965); and cases cited in 87 ALR 2d 870 (1961) with supplements. According to appellant's second amended petition, to which appellees demurred, Berea Bus Lines "on several occasions" inquired of Kujanek as to the status of the lawsuit and was assured by him as to its progress.

Finally, the requirement that appellant allege a valid defense also was satisfied by the second amended petition to vacate where the defense was stated.

It is our decision that appellant has met with an unavoidable casualty or misfortune as specified in Section 2325.01 (G), Revised Code, and that it should be accorded its day in court.

The judgment is, therefore, reversed as contrary to law and the cause is remanded to the Court of Common Pleas, with instructions to grant defendant's petition to vacate and for further proceedings according to law.

*Judgment reversed.*

WHITE, P. J., and CANARY, J., concur.