MIDWEST SPORTSERVICE, INC., ET AL., APPELLEES, *v.* ANDREOLI ET AL., APPELLANTS.

(No. C-800793—Decided November 4, 1981.)

*Messrs. Lindhorst & Dreidame* and *Mr. William C. Busemeyer,* for appellees.
*Messrs. Kircher & Phalen* and *Mr. William C. Hirsch,* for appellants.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Plaintiffs-appellees filed a two-count complaint against defendants-appellants on August 28, 1975. The first claim sought damages in the amount of $276,000 from all the defendants-appellants, except defendants-appellants Nicholas J. Tweel and Joy C. Tweel, under an agreement of indemnity executed by those defendants. The second claim, directed against the defendants Tweel, sought damages in the amount of $100,000 under a separate indemnity agreement executed between the Tweels and plaintiffs. Plaintiffs' motion for summary judgment on the first claim was granted on June 4, 1976.

The Tweels filed an answer and counterclaim against plaintiffs on October 18, 1976. On January 11, 1979, plaintiffs filed a motion for summary judgment. On July 27, 1979, plaintiffs filed an answer to defendants' counterclaim, and defendants moved for summary judgment.

On July 16, 1980, plaintiffs served notice on defendants to take their depositions, pursuant to Civ. R. 30(A). The deposition was scheduled for July 23, 1980. When defendants failed to appear, plaintiffs immediately filed a motion for default judgment under Civ. R. 37(D) on

the grounds that defendants failed to make discovery. Following a hearing on plaintiffs' motion, the court granted a default judgment against defendants on August 19, 1980. Defendants did not file an appeal from the default judgment. Rather, defendants filed a motion in the trial court to set aside the default judgment, pursuant to Civ. R. 55(B), alleging that the judgment was contrary to law and, under the circumstances, excessive and not in the interests of justice. Defendants' motion was accompanied by the affidavit of defendant Nicholas J. Tweel, in which he asserted that defendants' failure to appear at the deposition was on the advice of counsel and not for the purposes of avoiding discovery. On October 22, 1980, the trial court overruled the motion.

It is from this judgment that defendants have taken this timely appeal, in which they assert that the trial court erred in overruling their motion to set aside the default judgment. In support of this position, defendants assert that a non-resident, party-defendant cannot be compelled to appear in the forum state merely by the filing of a notice to take a deposition and that the trial court abused its discretion in this case by imposing the severe sanction of default judgment. For the reasons stated herein, we disagree.

At the outset, it must be noted that our review of the instant case is restricted to a determination of whether the trial court abused its discretion in overruling defendants' Civ. R. 55(B) motion to set aside the default judgment. In this regard, Civ. R. 55(B) provides that the standard to be applied in such cases is set forth in Civ. R. 60(B). Thus, in the instant case, defendants bore the burden of demonstrating to the trial court that: (i) their motion was timely filed; (ii) they were entitled to relief under one of the grounds listed in Civ. R. 60(B)(1) through (5); and (iii) they had a colorable defense to the original action. *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86], paragraph two of

the syllabus; *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97 [68 O.O.2d 251]; *Brenner* v. *Shore* (1973), 34 Ohio App. 2d 209 [63 O.O.2d 373]. See *Berea Bus Lines Co.* v. *Seminatore* (1969), 17 Ohio App. 2d 31 [46 O.O.2d 35]. Absent a clear showing on the record that the trial court abused its discretion in overruling defendants' motion to set aside the default judgment, the decision of the trial court will not be disturbed. See *Wurzelbacher* v. *Kroeger* (1974), 40 Ohio St. 2d 90 [69 O.O.2d 440].

In the instant case, the motion to set aside the default judgment was filed on September 12, 1980, less than a month after the court entered the judgment complained of. Civ. R. 60(B) requires that such motion be filed within a reasonable time or, in the case of one filed under Civ. R. 60(B)(1), (2) or (3), that it be filed within one year of judgment. See *Matson* v. *Marks* (1972), 32 Ohio App. 2d 319 [61 O.O.2d 476]; *Antonopoulos* v. *Eisner* (1972), 30 Ohio App. 2d 187 [59 O.O.2d 309]. A review of the record clearly reveals that defendants' motion was timely filed since, regardless of the grounds asserted for relief from judgment, the time elapsed was less than a month. See *GTE Automatic Electric, supra,* at 151.

However, defendants have failed to demonstrate on the record that they were entitled to relief under one of the grounds set forth in Civ. R. 60(B). The motion to set aside the default judgment was accompanied solely by the affidavit of defendant Nicholas J. Tweel, in which he averred, *inter alia,* that he was advised by counsel not to appear, presumably on the grounds that a non-resident party's presence could not be compelled through use of a notice to take a deposition. In essence, defendants prayed for relief from judgment on the grounds of excusable neglect under Civ. R. 60(B)(1), or, alternately, under Civ. R. 60(B)(5) as an "other reason." Under Civ. R. 30(A), however, a party defendant may be compelled to appear in this forum for the purpose of being de-

244

posed, regardless of residency or domicile, simply by serving the party with notice. *Welter* v. *Welter* (C.P. 1971), 27 Ohio Misc. 44. If the scheduled time and place are inconvenient or present unreasonable burdens on the party to be deposed, or should the party have any other objections to the taking of his deposition, his remedy is to obtain a protective order under Civ. R. 26(C).[1] Where a party fails to do so he may be subjected to any of the sanctions appropriate under Civ. R. 37(D). *Ward* v. *Hester* (1972), 32 Ohio App. 2d 121 [61 O.O.2d 124]. See, generally, Case Notes, Civil Prodecure — Which Party Must Travel — Costs — Protective Orders and the Requirement of Good Cause, 33 Ohio St. L.J. 246.

The claim that it was advice of counsel that prompted defendants' conduct is irrelevant. Accepting, *arguendo,* the factual basis of this argument, it nevertheless does not constitute excusable neglect under Civ. R. 60(B)(1), or any other reason justifying relief under Civ. R. 60(B)(5). As the Supreme Court stated in *GTE Automatic Electric, supra,* at page 153, the neglect of a party's attorney will be imputed to the party for the purposes of determining the merits of a claim predicated on Civ. R. 60(B)(1). The record thus fails to demonstrate that defendants' failure to appear at the scheduled deposition was excusable. The trial court, therefore, did not abuse its discretion in overruling the motion.

Given our resolution of the preceding issue, it is unnecessary for us to determine whether defendants asserted, or were required to assert, in the motion to set aside the default judgment a defense to the original action, and we decline to rule on the issue.

---

[1] This construction of Civ. R. 30(A) is in accord with the federal pronouncements respecting Fed. R. Civ. P. 30(a). See *Lloyd* v. *Cessna Aircraft Co.* (D.C. Tenn. 1976), 430 F. Supp. 25.

The assignment of error is accordingly overruled and the judgment is affirmed.

*Judgment affirmed.*

BLACK, P.J., SHANNON and PALMER, JJ., concur.