**In re Jack Edward KRONTZ and Jacqueline Ivy Krontz, Debtors.**

**Bankruptcy No. 92–32727.**

United States Bankruptcy Court, N.D. Ohio, W.D.

July 28, 1993.

James E. Hitchcock, Defiance, OH, for debtors.

Diane French, Lima, OH, for trustee.

Bruce C. French, Lima, OH, trustee.

### *MEMORANDUM OPINION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This case comes before the Court on a Motion by the Trustee to Impose Sanctions on Debtors' Attorney, James Hitchcock, for Failure to Comply with Rules Providing for Discovery. The Court has reviewed the

entire record of this matter. Based upon that review, and for the following reasons, Trustee's Motion is Denied.

## FACTS

Diane W. French, Attorney for Trustee, Bruce C. French (hereafter "Trustee"), filed a Motion For Sanctions against Attorney James Hitchcock (hereafter "Debtors' Counsel"), for failure to cooperate in discovery. The facts of the case are as follows: On July 27, 1992, the Debtors filed their Petition for Bankruptcy. Prior to filing their petition, on April 28, 1992, Debtors sold two (2) parcels of real property (listed as Plaintiff's exhibits 2 and 3). The sale of the real estate was not listed in the bankruptcy petition, therefore the Trustee filed a Motion for Examination of the Debtors pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. During the examination, the Debtors indicated that the sold properties were partly secured, and that the proceeds of the sale were used to pay unsecured creditors (e.g. doctors). This fact was also not listed in the bankruptcy petitions. In light of these nondisclosures, the Trustee requested copies of all checks and payments made by the Debtors within one (1) year of the bankruptcy petition. Debtors' Counsel assured Trustee that the information would be forwarded and that an amendment to the petition would be filed to reflect the accurate state of the case. Trustee claims that Debtors' Counsel has been contacted on four (4) separate occasions (twice by phone and twice by letter), regarding the checks and payments, and regarding the amended petition. As of the date that the instant Motion was filed, Debtors' Counsel has failed to provide the requested materials.

The attorney for the Trustee, in her Motion to Sanction, claims that she has incurred expenses in the amount of Seven Hundred Fifty-five Dollars ($755.00) as a direct result of the conduct of Debtors' Counsel; composed of Fifty-five Dollars for a Court reporter to depose Debtors at the 2004 examination, and Seven Hundred Dollars incurred for Counsel's time, at a rate of One Hundred Dollars ($100.00) per hour. The issue before the Court therefore, is whether the facts of this case warrant the imposition of sanctions upon Debtors' Counsel for failure to cooperate with the Trustee in discovery.

## DISCUSSION

Rule 7037 of the Federal Rules of Bankruptcy Procedure states that Rule 37 of the Federal Rules Of Civil Procedure governs the imposition of sanctions upon parties who fail to cooperate during discovery. In cases where one party fails to cooperate with the discovery efforts of opposing counsel, counsel seeking discovery must make application upon the appropriate Court to order the noncomplying party to cooperate. Fed.R.Civ.P. 37(a)(1). Failure of the party to comply with the Court Order may result in sanctions against the non-compliant party. *Id.* at (b)(2). Rule 37, subsection (a) states: "sanctions may be imposed upon a party who has failed to obey an *order* by the court compelling discovery." (emphasis added).

The express language of Rule 37 indicates that sanctions for failure to cooperate in discovery, is available after the party in question has failed to comply with an "Order" by the Court compelling such discovery. The Trustee in the present case, is seeking to recover expenses incurred as a direct result of the failure of Debtors' Counsel to cooperate in discovery efforts. The Trustee did not however, obtain an "Order" by this Court compelling Debtors' Counsel to comply. The threshold question therefore, becomes whether sanctions can be imposed upon a party for failure to cooperate in discovery, absent an Order by the Court compelling such cooperation. If the Court determines that sanctions can be imposed, then a determination of what sanctions are allowable under the circumstances of the case is required.

In an unpublished decision, the Ohio Sixth District Court of Appeals held that, absent a ruling by the Ohio Supreme Court on the issue of discovery sanctions, "the flavor of recent rulings indicate that the presence of a Court Order and consequent violation thereof, are 'important factors' in

imposing discovery sanctions." (emphasis added). *Polen v. Young*, 1985 WL 7888, *4 (Ohio App.). Although it may be of important consideration for the moving party to obtain an Order compelling discovery, the lack thereof does not bar the imposition of sanctions. *Midwest Sportservice, Inc. v. Andreoli*, (1981), 3 Ohio App.3d 242, 444 N.E.2d 1050. In addition, the Court in *Jackson*, stated that the rationale for allowing sanctions without a prior Court Order is that an injured party may be unaware that key discovery has been withheld, and therefore, might not seek an Order to compel discovery. *Jackson v. Nissan Motor Corp.*, 888 F.2d 1391, 1394 (6th Cir.1989). This Court is of the opinion that the lack of a Court Order compelling discovery should not, in and of itself, bar recovery of a moving party. Rather, the Court must look to the individual circumstances of the case to determine whether sanctions are warranted.

■ The attorney for the Trustee, in her Motion to Sanction, stated that at the conclusion of the 2004 examination of Debtors in January, 1993, she requested documents relating to the sale of certain real property belonging to the Debtors, and payments to non-secured creditors allegedly made by the Debtors prior to filing their petition, but which were not disclosed in the petition. Such documents are relevant and necessary in order for the Trustee to effectively represent the estate. Debtor's Counsel agreed to forward the requested materials, and in addition to file an amendment to the Debtor's petition which would include the nondisclosures. Debtors' Counsel has failed to provide the requested materials. Section EC 7–38 of the Code of Professional Responsibility states that: "... A lawyer should be *punctual* in fulfilling all professional commitments." (emphasis added). In the present case, the Trustee has contacted Debtors' Counsel on four (4) occasions regarding copies of the "checks and payments", and regarding the amended petition. As of the date of Trustee's Motion to Sanction, (June 8, 1993), approximately six (6) months after the 2004 examination, Trustee had not received the requested materials.

Debtors' Counsel indicated in his Motion to Oppose Sanctions, that the Debtors in the present case were extremely difficult to deal with, and that despite several attempts to obtain the requested information regarding the checks and payments, he was unable to secure the requested information. It is the Opinion of this Court that an attorney acting on behalf of a client can only comply with the requests of a third-party to the extent that the client enables the attorney to do so. More often than not, the requests of a third-party require additional information that must be furnished by the client, and requires the cooperation of the client.

In the present case the documents requested by the Trustee were copies of cancelled checks indicating alleged payments to nonsecured creditors prior to the filing of the Debtors' bankruptcy petition. These documents are among the personal property of the Debtors. The most expeditious manner by which Debtors' Counsel could obtain these documents, would be by requesting them directly from the Debtors. There is nothing in the record to indicate that Debtors' Counsel did not, in good faith, request the information from his clients. Rather, the Debtors failed to provide the documents to their Counsel, therefore, he was unable to provide the documents to the Trustee. Subsequent to this matter, Debtors' Counsel has been replaced as Counsel for the Debtors, which leads the Court to believe that problems of some nature and magnitude existed between Debtors and Counsel. With Regard to the amended petition, Debtors' Counsel stated in his Motion that the amended petition was filed with the Court. The delay in filing resulted because the amendment had to be filed twice. The first amendment only listed one (1) parcel of real estate sold by the Debtors, the second amendment listed both parcels. The facts of this case indicate that the failure of the Debtors to provide their counsel with the necessary documents, prevented him from being able to forward those documents to the Trustee. It would therefore be unjust to punish and

hold Debtors' Counsel liable for the Debtors' lack of cooperation.

On the other hand, in cases where a third-party has incurred additional expenses due to the failure of another party to cooperate in properly allowing discovery, it would be equally unjust to prevent the third-party from recovering those additional expenses. In this case, the Trustee has spent an additional Seven Hundred and Fifty-five Dollars ($755.00), on this matter, and has still not received the requested documents. The Court has determined that it is the failure of the Debtors to cooperate with discovery that has caused the present action. Payment of expenses incurred by the attorney for the Trustee's should be subtracted from the Debtors' estate. However, the Debtors in this case have no assets, which leave the Trustee's attorney without recovery. While the Court is sympathetic to the situation with which the attorney for the Trustee has been placed, this is one of the harsh realities of bankruptcy proceedings. The Trustee may hereafter, file a Motion to Compel Discovery with regard to the aforementioned documents. If the Motion is granted, a subsequent failure of the Debtors or their present counsel to comply with the Court Order may be cause for denial of Debtors' discharge pursuant to Rule 37(b)(2).

Accordingly, it is

ORDERED that Trustee's Motion to Sanction Debtors' Counsel be DENIED.