DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The defendant-appellant, Pamela S. Stump, appeals an order of the Summit County Court of Common Pleas that granted summary judgment to the plaintiff-appellee, State Street Bank Trust Co. We affirm.
On April 27, 1998, State Street Bank Trust Co. ("State Street") filed a complaint for foreclosure on an outstanding mortgage note. The complaint named the appellant as a primary defendant. The appellant filed an answer to the complaint on June 17, 1999. State Street moved for summary judgment on August 20, 1999. On September 9, 1999, the appellant responded in opposition to the motion. Later that day, the trial court granted summary judgment in favor of State Street. The appellant timely appealed, raising one assignment of error.
ASSIGNMENT OF ERROR I
 The trial court erred by setting a hearing date for [State Street's] summary judgment motion and then issuing the court order granting the summary judgment in [State Street's] favor prior to the hearing date.
In her sole assignment of error, the appellant has argued that the trial court erred by granting summary judgment to State Street prior to the hearing date scheduled for the motion.
The parties have stated in their briefs to this court that the trial court scheduled a hearing on State Street's motion for summary judgment for September 10, 1999. This assertion is not substantiated by the record. Although this court is mindful that the trial court speaks only through its journal, see State exrel. Worcester v. Donnellon (1990), 49 Ohio St.3d 117, 119, we note that the appellant's argument is without merit.
This court has previously rejected the argument that Local Rule 7.14 of the Summit County Court of Common Pleas requires the trial court to set a hearing date for determination of a motion for summary judgment:
 Properly viewed, Civ.R. 56(C) does not demand a formal hearing as a prerequisite to summary judgment. * * * The "hearing" contemplated by the rule may involve as little as the submission of memoranda and evidentiary materials for the court's consideration. * * * Moreover, nothing in Civ.R. 56(C) requires the trial court to set a "date certain" for the ruling and alert all parties that a decision is forthcoming. * * * Consistent with Loc.R. 7.14, the non-moving party is entitled simply to sufficient notice of the filing of the motion, Civ.R. 5, and an adequate opportunity to respond, Civ.R. 56(C).
(Citations omitted). Brown v. Akron Beacon Journal Publ. Co.
(1991), 81 Ohio App.3d 135, 139. See, also, Sunde v. HighlineCorp. (Aug. 18, 1999), Summit App. No. 19337, unreported. Assuming that a hearing date was set in this case, the trial court properly withheld judgment until the appellant had an opportunity to respond. An actual hearing on the motion for summary judgment was not required. The appellant's assignment of error, therefore, is overruled.
The appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT BATCHELDER, P.J., WHITMORE, J. CONCUR.