DECISION AND JOURNAL ENTRY
Appellant Larry Bailey has appealed from two judgments of the Lorain County Common Pleas Court that (1) entered summary judgment in favor of Appellees Lake Erie Educational Computer Association and James Sheets, and (2) denied Appellant's subsequent motion for relief from judgment. This Court affirms.
 I.
Appellant worked as a computer systems manager for Appellee Lake Erie Educational Computer Association (Association), a consortium of thirty-one school districts sharing a single computer database. Appellee James Sheets was the Assistant Superintendent for the Board of Education of the Lorain County Educational Service Center. He also served as Site Administrator for the Association and Appellant's direct supervisor. On December 7, 1997, Appellant submitted his resignation, effective December 31, 1997, to Sheets. Because Appellant had vacation time remaining, his last day in the office was prior to the Christmas holiday.
On December 30, 1997, Sheets issued a memorandum to each superintendent of the Association's member schools, informing them of Appellant's resignation. In that memorandum, Sheets made several comments that ultimately became the impetus for this case. The first statement read, "Had Larry not submitted this letter [of resignation,] it would have been my recommendation that [Appellant's] contract not be renewed this spring." The next statement challenged read, "We have a conflict of interest policy in tact (sic) and I would appreciate knowing if you or your network contact person have received any proposals from [Appellant] or Compass Alliance[1] to date." The third passage Appellant has questioned stated, "[The Association's] service department is fully functional, contrary to the rumors being spread that we are turning the department over to DataServ." The fourth sentence Appellant has challenged stated, "One district was being offered free installation because it was [Appellant's] home district." Finally, Appellant has attacked Sheets' statements that "[Appellant] had not kept [the Association's technical staff] up to date on all ongoing projects. Self-serving?"
On March 20, 1998, Appellant filed his complaint against Appellees, alleging that they maliciously defamed him and committed tortious inference with his business relations. Specifically, he claimed that the December 30, 1997 memorandum was libelous and prevented him from soliciting business from the Association's members for his new consulting company, Compass Alliance.
On February 2, 1999, Appellees moved the trial court for summary judgment, claiming truth as a defense and that they were entitled to qualified immunity. After twenty-two days passed without a response from Appellant, the trial court granted Appellees' motion and entered summary judgment in their favor. Appellant timely appealed.
Notwithstanding that appeal, on March 1, 1999, Appellant filed a motion for relief from judgment. In support of that motion, Appellant offered his counsel's affidavit wherein counsel averred that he misunderstood his client's filing deadline. On October 13, 1999, the trial court denied Appellant's motion for relief. Appellant timely appealed that order as well. Thereafter, this Court consolidated the two appeals, and the matter is now before this Court for final disposition. Each of the trial court's orders will be addressed in turn.
 II. A. Entry of Summary Judgment
Appellant has challenged the trial court's entry of summary judgment in favor of Appellees. Appellant has essentially argued that despite his failure to respond in opposition to Appellees' motion for summary judgment, the trial court improperly entered summary judgment on Appellees' evidence as a matter of law.
On the other hand, Appellees have argued (1) that the statements in the memorandum did not constitute libel, and (2) that the evidence demonstrating such was uncontested at the time the trial court entered summary judgment. In support of their arguments, Appellees have pointed to the docket, which indicates that Appellant failed to respond, and the same materials relied on in their motion for summary judgment, to wit: Appellant's deposition transcript, the affidavits of Sheets and Jeffery Rakar, and, the memorandum in question.
1. Summary Judgment Standard
In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was Centitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826,829. A party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293-294; Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429. Once a party has satisfied this incipient burden, a reciprocal burden arises upon the nonmoving party to respond and set forth specific facts showing that there is a genuine issue of material fact for trial. Dresher, 75 Ohio St.3d at 293;Vahila, 77 Ohio St.3d at 429. "[I]f the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher, 75 Ohio St.3d at 293.
2. Libel
In order to establish a claim for libel, a plaintiff must demonstrate the following elements: (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. Akron-Canton WasteOil,, Inc. v. Safety-Kleen Oil Serv., Inc. (1992) 81 Ohio App.3d 591, 601.However, in Ed Schory Sons, Inc. v. Soc. Natl. Bank (1996),75 Ohio St.3d 433, 445, the Ohio Supreme Court stated:
 [T]ruth is a complete defense to a claim for defamation. R.C. 2739.02 states: `In an action for a libel or a slander, the defendant may allege and prove the truth of the matter charged as defamatory. Proof of the truth thereof shall be considered a complete defense.'
In the instant case, Appellees have argued that the first and third challenged statements do not satisfy the elements of libel. The first statement, they have maintained, was unverifiable and, thus, cannot be proven false. In other words, it cannot be, as a matter of law, defamatory. They have further argued that the third statement was not defamatory because the memorandum did not expressly name Appellant as the source of the so-called rumors.
Additionally, Appellees have claimed that the remaining statements in question were indeed true. To buttress this assertion, Appellees introduced the following evidence: (1) a verified copy of the conflict of interest policy existing at the time Appellant was soliciting business, (2) Appellant's deposition wherein he admitted offering the member district in which he lived free installation of services, and, (3) the affidavit of a staff member who averred that he was not kept up-to-date on all ongoing projects.
After reviewing the record, this Court holds that the trial court did not err by granting Appellees' motion for summary judgment. By submitting the aforementioned materials, Appellees met their threshold burden under Dresher as to each of the challenged statements. Having failed to answer the motion, Appellant failed to meet his reciprocal burden. See Dresher, 75 Ohio St.3d at 294. Therefore, this Court concludes that the trial court properly entered summary judgment in favor of Appellees on the claim for libel.
3. Tortious Interference with Business Relationships
"The tort of interference with business relationships occurs when an individual, without privilege to do so, `induces or otherwise purposely causes a third person not to enter into or continue a business relation with another.'" Reali, Giampetro Scott v. Soc. Natl. Bank (1999),133 Ohio App.3d 844, 852, quoting A B-Abell Elevator Co. v.Columbus/Cent. Ohio Bldg. Constr. Trades Council (1995), 73 Ohio St.3d 1,14. In this context, when determining whether a privilege exists, courts must examine the following: (a) the nature of the actor's conduct, (b) the nature of the expectancy with which his conduct interferes, (c) the relations between the parties, (d) the interest sought to be advanced by the actor, and, (e) the social interests in protecting the expectancy on the one hand and the actor's freedom of action on the other hand.Reali, Giampetro Scott, 133 Ohio App.3d at 852-853. Moreover, it has been held that an individual is privileged to purposely cause another not to continue a business relation by the good faith assertion of "a legally protected interest of his own which he believes may otherwise be impaired * * * by the performance of the * * * transaction." Juhasz v. QuikShops, Inc. (1977), 55 Ohio App.2d 51, 57.
In his argument regarding the tortious inference claim, Appellant has not forsaken his allegation that Appellees attempted to denigrate him and did so without privilege under the law. On the other hand, Appellees have argued that Sheets acted under the protection of qualified privilege when he attempted to prevent Appellant from diverting business to Compass Alliance, thereby directing members away from the Association. This Court agrees.
After reviewing the record, this Court concludes that no genuine issue of material fact exists as to whether Appellees acted within their privilege when issuing the December 30, 1997 memorandum. The memorandum was drafted in good faith to safeguard a legally protected interest believed to be otherwise impaired by Appellant's actions. The record indicates that Sheets' conduct was neither malicious nor the reason why several members did not patronize Appellant's new enterprise. As such, Appellant's claim for tortious interference with business relationships must fail. The trial court's entry of summary judgment on this issue was not in error.
 B. Denial of Relief from Judgment
Turning to the trial court's second order, Appellant has argued that the trial court abused its discretion by denying his motion for relief from judgment. Specifically, Appellant has suggested that he was entitled to relief pursuant to Civ.R. 60(B)(1) because his counsel mistakenly believed that he had fourteen days from Sheets' deposition to file a response in opposition to Appellees' motion for summary judgment.
In response, Appellees have insisted that Appellant's proffered explanation for his inaction is inexcusable. Appellees have argued that counsel's misunderstanding of which procedural rules and time limits apply does not constitute "mistake" or "excusable neglect" as intended under Civ.R. 60(B)(1). This Court agrees.
In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that:
 (1) the party has a meritorious defense or claim to present if relief is granted;
 (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and,
 (3) the motion is made within a reasonable time, and, where grounds for relief are Civ.R. 60(B)(1),(2) or (3), not more than one year after the judgment or order or proceeding was entered or taken.
GTE Automatic Electric, Inc. v. ARC Indus. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. All three of the requirements must be met for the motion to be granted. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. In other words, if the movant cannot satisfy each element, relief from judgment would be improper.
As noted previously, Appellant has invoked Civ.R. 60(B)(1). Pursuant to that rule, relief from judgment may be granted for "mistake, inadvertence, surprise or excusable neglect." Civ.R. 60(B)(1). What constitutes "excusable neglect" is determined from all the surrounding facts and circumstances. See Miami Sys., Corp. v. Dry Cleaning ComputerSys., Inc. (1993), 90 Ohio App.3d 181, 185.
When reviewing a trial court's decision on a Civ.R. 60(B) motion, this Court may not overturn the trial court unless it decision constitutes an abuse of discretion. Rose Chevrolet, Inc., 36 Ohio St.3d at 21. The trial court abuses its discretion when its actions are arbitrary, unreasonable or unconscionable. See State ex rel. The V Cos. v.Marshall (1998), 81 Ohio St.3d 467, 469.
In the instant case, Appellees filed their motion for summary judgment on February 2, 1999. "Where, as here, there is no hearing scheduled on a pending summary judgment motion, the time within which a party must file a brief in opposition to the motion is determined by consulting the applicable local court rules." Gaul v. Sterling Plate Glass Paint Co.
(Aug. 25, 1994), Cuyahoga App. No. 64842, unreported, 1994 Ohio App. LEXIS 3764, at *7, citing 1 Baldwin's Ohio Civil Practice, 1988, Text 25.04(D)(4)(b). According to Loc.R. 9(C) of the Court of Common Pleas of Lorain County, General Division, "[b]riefs in opposition to a motion shall be served and filed within fourteen (14) days after the motion is filed with the Clerk of Courts, at which time the Court will rule on the motion if it has not been set for oral hearing." Hence, Appellant's brief in opposition, allowing three additional days for mail service pursuant to Civ.R. 6(E), was due on February 19, 1999.
In the end, counsel for Appellant has not offered any explanation as to his ignorance of Loc.R. 9(C) or as to why he believed Civ.R. 56(E) and (F) provided his client fourteen days from the date of Mr. Sheets' deposition in which to file his brief in opposition. More importantly, counsel has not averred that his failure to respond was due to something extraordinary. The absence of such particulars is fatal to a motion for relief from judgment claiming mistake or excusable neglect. See, e.g.,Peters v. Vokas Provision Co. (Oct. 28, 1998), Summit App. 19057, unreported, at 4-5. See, also, Wolotsky v. Portage Path Community HealthCtr. (Apr. 12, 1995), Summit App. 16827, unreported, at 3-4 (holding that Civ.R. 60(B) relief was improper for counsel's failure to respond to a motion for summary judgment). Although Civ.R. 60(B)(1) is a remedial rule, which requires liberal construction in favor of a determination on the merits, this Court has observed that the rule cannot be used to emasculate procedural rules and time limits. Wolotsky, supra, at 3, citing Griffey v. Rajan (1987), 33 Ohio St.3d 75, 79 and Brown v. AkronBeacon Journal Publishing Co. (1991), 81 Ohio App.3d 135, 140. As such, counsel's apparent misunderstanding of the applicable procedural rules and time table is not the kind of "mistake" or "excusable neglect" contemplated in Civ.R. 60(B). This Court generally does not excuse prose litigants' ignorance of procedural time lines; certainly it will not excuse counsel's misapprehension. The trial court properly denied relief, and thus, did not abuse its discretion.
 III.
Appellant's respective assignments of error are overruled. The two judgments of the trial court are affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________ BETH WHITMORE
FOR THE COURT, BATCHELDER, P. J., BAIRD, J., CONCUR.
[1] After leaving the Association, Appellant began operating a computer consulting company. Compass Alliance is the name of that entity.