Plaintiff-Appellant Edward Hudak has appealed the order of the Medina County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellee Valleyaire Golf Club, Inc. This Court affirms.
 I.
Hudak was injured August 22, 1996, when he slipped and fell at a luncheon held in a refurbished barn on the Valleyaire Golf Club premises. The luncheon was part of a golf outing sponsored by the Parma Fraternal Order of Police. Hudak had just completed the first nine holes and was wearing his golf shoes with golf spikes or cleats when the accident occurred.
This action was filed August 5, 1998, alleging Valleyaire was negligent in failing to maintain the premises in a safe condition and in failing to warn invitees of known hazards. On April 22, 1999, Valleyaire filed a motion for summary judgment. Hudak did not respond to the motion. Four months later, on August 20, 1999, the motion was granted. Hudak's appeal, asserting two assignments of error, was timely filed on September 17, 1999
 II. ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BEFORE A TIME FOR HEARING WAS SET FOR THE DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
In his first assignment of error, Hudak argues that the trial court erred in ruling on Valleyaire's summary judgment motion, without setting a date for a non-oral hearing on the motion. He claims that without express notice of a specific hearing date, he had no way of determining when he was required to respond to the motion. This Court does not agree.
Civ.R. 56(C) provides in pertinent part:
 The motion [for summary judgment] shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits. * * *
Hudak contends that the language of Civ.R. 56(C) requires a trial court to set a date for a non-oral hearing and to provide him with written notice of that date. This Court has rejected the "cumbersome approach" adopted by some appellate districts that requires trial courts to set hearing dates on non-oral hearings and has expressly stated that Civ.R. 56(C) does not require notice that a ruling on a summary judgment motion is imminent. Brown v. Akron Beacon Journal Publishing Co. (1991),81 Ohio App.3d 135, 138-39, appeal denied by (1992), 63 Ohio St.3d 1404. See, also, Sunde v. Highline Corp. (Aug. 18, 1999), Summit App. No. 19337, unreported; Monea v. The Better Business Bureau of Akron (June 18, 1997), Summit App. No. 18028, unreported; Chestnut Ridge DevelopmentCo. v. The Ohio Bar Title Ins. Co. (Jan. 31, 1996), Lorain App. No. 95CA006129, unreported. In Brown, this Court stated:
 Properly viewed, Civ.R. 56(C) does not demand a formal hearing as a prerequisite to summary judgment. * * * The "hearing" contemplated by the rule may involve as little as the submission of memoranda and evidentiary materials for the court's consideration. * * * Moreover, nothing in Civ.R. 56(C) requires the trial court to set a "date certain" for the ruling and alert all parties that a decision is forthcoming. * * * [T]he nonmoving party is entitled simply to sufficient notice of the filing of the motion * * * and an adequate opportunity to respond * * *.
Id., at 139. (Citations omitted.) The Ohio Supreme Court has interpreted the language of Civ.R. 56(C) to mean that a respondent must be given a minimum of fourteen days before the date on which the court issues its entry granting the motion in which to file a response. Stateex rel. The V. Cos. v. Marshall (1998), 81 Ohio St.3d 467, 472; State exrel. Freeman v. Morris (1992), 65 Ohio St.3d 458, 460.[1] Federal courts have reached the same conclusion regarding the comparable federal rule, which has a ten-day requirement. See Delgado-Biaggi v. AirTransport Local 501 (C.A.1, 1997), 112 F.3d 565, 567,[2] construing Fed.R.Civ.P. 56(c) as allowing an adverse party "at least ten days to respond" to a motion for summary judgment before the court rules. Here, Hudak had well over fourteen days in which to file a response, yet failed to file any response.
Hudak argues, however, that unless a party is expressly informed of a specific hearing date, he has no notice of when he must respond. The Ohio Supreme Court has indicated that the notice requirement of Civ.R. 56(C) is satisfied by service of the motion upon the opposing party. Freeman,supra, at 460. In Freeman, the Ohio Supreme Court, observing that the appellant "was served with a copy of the motion more than fourteen days before the date on which the court issued its entry granting the motion," commented that he "had notice of the motion * * * from the moment he received it * * *. [He] was not entitled to further notice." Id. at 460-61. Hudak does not deny he received service of the motion. Therefore, Hudak had notice of the need to respond before fourteen days expired.
Hudak further urges this Court to construe Medina Loc.R. 6A as requiring the trial court to set a hearing date from which he could calculate his response time. Medina Loc.R. 6A provides, in its entirety:
 Motions for summary judgment pursuant to Civil Rule 56 shall be submitted on written argument. No oral argument shall be afforded. Written arguments and all documentation must be submitted within the time periods provided by Civil Rule 56. Thus, the Court will continue to set such motions as least fourteen (14) days prior to the scheduled "hearing." The nonmoving party will have until the day preceding the "scheduled hearing" to present any documentary evidence as required by Civil Rule 56.
Clearly, the only type of hearing allowed by this rule on a summary judgment motion is a non-oral hearing. The rule provides that materials ordinarily submitted for non-oral hearings ("written arguments and all documentation") "must be submitted within the time periods provided by Civil Rule 56." As discussed above, the time period provided by Civ.R. 56(C) for responding to a summary judgment motion is fourteen days. The local rule does nothing more than reiterate the fourteen-day minimum period for submission of the written argument and supporting materials before a court may rule on the motion.
Hudak asserts in his reply brief that it has been the "custom" in Medina County to set summary judgment motions for non-oral hearing and require parties to respond by a specific date. Assuming, arguendo, that this is so, the fact remains that Loc.R. 6A does not expressly require the setting of specific dates. This Court declines to impose such a requirement, where none appears in the language of the rule.
Hudak also contends that his failure to respond to the motion was irrelevant. Hudak claims that he did not have to respond until he was informed of a specific date upon which his response was due, because Civ.R. 56 does not provide a cut-off date. For a party against whom summary judgment is sought, this is a risky position to be taken. Civ.R. 56 expressly states that summary judgment may be entered against a party, even if that party does not respond. Civ.R. 56(E) provides, in pertinent part:
 When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party. (Emphasis added.)
Of course, the lack of a response by a nonmoving party does not, of itself, entitle the moving party to summary judgment. Morris v. OhioCas. Ins. Co. (1988), 35 Ohio St.3d 45, 47. But it is clear that the court is not required to wait for a response, so long as the defender has had at least fourteen days in which to respond.[3]
In this case, Hudak had both notice and opportunity to respond. SeeBrown, supra. He had notice of the issues raised by his opponent when he was served with the motion and he had opportunity to respond in the four months before the trial court granted the motion. The trial court here more than complied with the time frame contemplated by Civ.R. 56(C). Hudak's first assignment of error is overruled.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED IN FINDING THAT NO ISSUES OF MATERIAL FACT REMAINED TO BE LITIGATED.
In his second assignment of error, Hudak argues that the trial court improperly granted summary judgment against him because there are genuine issues of material fact as to Valleyaire's duty to Hudak and whether that duty was breached. The trial court's grant of summary judgment to Valleyaire was based upon its conclusion that the potential danger of wearing steel golf spokes on a concrete floor was open and obvious to Hudak, thus negating Valleyaire's duty to protect Hudak from such danger.
This court reviews a grant of summary judgment de novo, employing the same standard as would be used by the trial court. Klingshirn v. WestviewConcrete Corp. (1996), 113 Ohio App.3d 178, 180. Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Leigh v. State Emp.Relations Bd. (1996), 76 Ohio St.3d 143, 144.
The party seeking summary judgment bears the responsibility of informing the court of the basis of the motion, and of pointing to pleadings and specific evidentiary documents that have been filed in the matter which it believes "demonstrate the absence of a genuine issue of material fact." Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. If the moving party satisfies its initial burden, the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial. Id.
This Court has previously noted:
 A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. As a result, a moving party is entitled to judgment as a matter of law where the nonmoving party failed to come forth with evidence of specific facts on an essential element of the case with respect to which he has the burden of proof.
Black v. Cosentino (1996), 117 Ohio App.3d 40, 43, citing CelotexCorp. v. Catrett (1986), 477 U.S. 317, 323, 91 L.Ed.2d 265, 273.
In order to establish actionable negligence, a plaintiff must show the existence of a duty, a breach of the duty, and an injury proximately resulting therefrom. Texler v. D.O. Summers Cleaners Shirt LaundryCo. (1998), 81 Ohio St.3d 677, 680. The existence of a duty in a negligence action is a question of law for the court to determine.Mussivand v. David (1989), 45 Ohio St.3d 314, 318.
It is undisputed that Hudak was a business invitee on the golf course premises for an event sponsored by the Parma Fraternal Order of Police. A business invitee is one who comes upon the premises of another, by invitation, for a purpose beneficial to the owner. Gladon v. GreaterCleveland Regional Transit Auth. (1996), 75 Ohio St.3d 312, 315. An owner owes a business invitee "a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203. The duty of ordinary care requires an owner to keep the premises free from dangers not discernible by a reasonably prudent person and to warn invitees of concealed dangers of which the owner knows or should know. Baldauf v. Kent State Univ.
(1988), 49 Ohio App.3d 46, 48.
The owner is not an insurer of the invitee's safety, however. Paschal,supra. Under the "open and obvious" doctrine, an owner owes no duty to protect business invitees from hazards which are so obvious and apparent that the invitee is reasonably expected to discover and protect against them himself. Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus.
Citing Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, Hudak argues that the "open and obvious" rule does not apply in this case, because the owner of the premises created the hazard by opening a facility with a terrazzo floor to golfers who would be likely to be wearing golf cleats. The holding in Simmers upon which Hudak relies, however, is expressly limited to independent contractors:
 An independent contractor who creates a dangerous condition on real property is not relieved of liability under the doctrine which exonerates an owner or occupier of land from the duty to warn those entering the property concerning open and obvious dangers on the property.
Id., syllabus. The Simmers Court went on to state:
 * * * We are not persuaded to extend the "open and obvious" doctrine to person who conduct activity with the consent of the landowner but who themselves have no property interest in the premises.
Id., at 645. Valleyaire was the owner of the premises here, not an independent contractor. Thus, the "open and obvious" doctrine was applicable in this case.
Hudak argues that the question of whether a hazardous condition is "open and obvious" is a question of fact for the jury. In this case, however, the evidence supporting the court's conclusion is Hudak's own admissions. Hudak testified in his deposition[4] that he had observed the condition of the floor and was attempting to exercise care for his own safety prior to his fall.
 Q: As you walked in here, talked to people, walked to your table and sat down the first time, did you notice any problem in terms of being able to negotiate that * * *
 A: No problem at all. I just — you know, you're walking like you're on your toes, you know, you're just kind of apprehensive, so to speak * * *
* * *
 Q: * * *[Y]ou're walking across here and you said you're walking, as we know, as I've experienced, on cleats, on a hard surface, so you're, I assume * * *
A: Gingerly.
Q: Yeah, you're taking a little extra care * * *
A: Right.
 Q: * * * because you know that's slippery, those cleats are slippery on this hard surface?
A: Right.
Q: Correct?
A: Yes.
Hudak's own testimony indicates he was aware of the potential danger of wearing golf shoes with metal spikes on a hard floor. He acknowledged that he was walking "gingerly." Thus, Valleyaire had no duty to protect Hudak from that danger, nor to warn him of its existence.
As noted above, a plaintiff's failure to establish an essential element of his case will result in an entry of summary judgment for the adverse moving party. Black, supra, at 43. Valleyaire here has succeeded in identifying a portion of the record that demonstrates the absence of a genuine issue of material fact on the essential element of Valleyaire's duty to Hudak. We find that the trial court properly granted summary judgment in this matter.
Therefore, Hudak's second assignment of error is also overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
 ___________________________ DONNA J. CARR
BAIRD, P. J., SLABY, J., CONCUR.
[1] In 2 Klein Darling Baldwin's Ohio Practice (1997), 569, Section At 56-17, the commentators note that this fourteen-day period could be extended by three days, if service of the motion is by mail. Civ.R. 6(E).
[2] In citing federal cases, the Brown Court recognized that Civ.R. 56 is patterned after Fed. R Civ. P. 56, as indicated by the pertinent Staff Notes. Accordingly, federal case law may assist in the interpretation of Ohio summary judgment procedures. Williams v. First United Church ofChrist (1974), 37 Ohio St.2d 150, 151.
[3] Hudak has not indicated that his failure to respond was due to any inability to discover relevant facts necessary to rebut the motion. It should be noted, however, if that were the case, Civ.R. 56(F) provides for an order of continuance to permit discovery. If a party does not seek such continuance, the trial court is free to consider the merits of the motion. Vanest v. Pillsbury Co. (1997), 124 Ohio App.3d 525, 532, f.n. 3, appeal not allowed, (1998), 81 Ohio St.3d 1515.
[4] Hudak's deposition was properly submitted and filed in the trial court by Valleyaire in support of its motion for summary judgment.