Appellant-defendant James Harrison appeals a judgment in favor of appellee-plaintiff JM Limited Partnership ("JM"). We affirm.
 I.
At one time, Harrison owned an electrical contracting business. In 1994, Harrison sold this business to co-defendants Liberty Project Managers and Liberty Elec. Co. (collectively "Liberty"). As part of the sale, Liberty agreed to employ Harrison to perform administrative and managerial duties for a given period of time.
In August 1994, appellee-plaintiff Cavanaugh Building Corp. ("Cavanaugh") hired Liberty as an electrical subcontractor on a construction project for JM. Harrison performed various administrative and managerial services on behalf of Liberty in relation to the JM project.
In 1995, during the pendency of the JM project, the relationship between Liberty and Harrison began to deteriorate, resulting in the premature termination of Harrison's employment agreement. Seeking to recover the amounts still owed under the employment agreement with Liberty, Harrison filed a mechanic's lien against JM's property for $70,200.
As a result of this lien, the bank that was holding JM's construction loan in escrow refused to disburse $70,200 to Cavanaugh. Because the money was being withheld from Cavanaugh, Cavanaugh agreed to apply all the resources necessary on behalf of JM to remove the lien. Based on this agreement, Cavanaugh paid all the costs of this litigation, including attorneys' fees.
On February 14, 1996, after attempting to negotiate a release of the lien, Cavanaugh and JM filed a three-count complaint against Liberty and Harrison. In count one, Cavanaugh alleged breach of contract by Liberty and demanded a money judgment against Liberty. In count two, Cavanaugh alleged fraud by Liberty and demanded a money judgment against Liberty. In count three, JM alleged that Harrison had slandered the title to their property by filing a false lien and demanded a money judgment against Harrison and a declaration that Harrison's affidavit for a mechanic's lien was invalid.
Count two was voluntarily dismissed prior to Liberty's answer. Cavanaugh and JM subsequently moved for summary judgment on counts one and three in a joint motion. Liberty responded, but Harrison did not. The trial court denied summary judgment on count one against Liberty, but granted summary judgment on count three against Harrison. The trial court found "that the mechanics' liens [sic] of $70,200 placed by Harrison on JM's property was improper and must be removed immediately. As this motion was made as to liability only a hearing will be held whether damages are due for slander of title and/or frivolous conduct under [R.C.] 2323.51." The trial court then referred the issue of damages on count three to a magistrate.
Shortly after the magistrate's hearing concerning the issue of damages on count three, Cavanaugh voluntarily dismissed count one against Liberty. After count one was dismissed, the magistrate concluded that JM was entitled to judgment against Harrison for $6,203.56 for lost interest income on the $70,200 in construction loan funds that had been withheld by the bank and for $5,187.00 in attorneys' fees. The magistrate noted that "[i]t was stipulated at trial that should `JM' prevail, it would receive the judgment herein and not Cavanaugh, with the resolution of Cavanaugh's expenditures as a separate matter between it and JM and fully unrelated to this case." The magistrate also awarded JM punitive damages in the amount of $11,390.56. The trial court adopted the magistrate's opinion over the objections of Harrison. Harrison appeals.
 II.
Harrison's first assignment of error states:
 THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFF-APPELLEE.
Harrison properly notes that Civ.R. 56(C) requires that "[t]he motion [for summary judgment] shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits." Harrison interprets this language as requiring a trial court to fix a time for a hearing prior to ruling on a motion for summary judgment. Harrison argues that the trial court violated Civ.R. 56(C) by ruling on Appellees' motion without fixing a time for a hearing.
Harrison recognizes that this Court has previously rejected the same argument in Brown v. Akron Beacon Journal Publ. Co.
(1991), 81 Ohio App.3d 135. In Brown, this Court interpreted Civ.R. 56(C) in conjunction with Loc.R. 7.14:
 Properly viewed, Civ.R. 56(C) does not demand a formal hearing as a prerequisite to summary judgment. The "hearing" contemplated by the rule may involve as little as the submission of memoranda and evidentiary materials for the court's consideration. Moreover, nothing in Civ.R. 56(C) requires the trial court to set a "date certain" for the ruling and alert all parties that a decision is forthcoming. Consistent with Loc.R. 7.14, the non-moving party is entitled simply to sufficient notice of the filing of the motion, Civ.R. 5, and an adequate opportunity to respond, Civ.R. 56(C).
(Citations omitted.) Brown, supra, at 139. Harrison asks that we overrule Brown. Despite Harrison's arguments, we refuse to do so.
Because Harrison does not deny that he was provided with sufficient notice of the filing of Appellees' summary judgment motion and an adequate opportunity to respond, his first assignment of error is not well taken.
 III.
Harrison's second assignment of error states:
 THE TRIAL COURT ERRED IN UPHOLDING THE MAGISTRATE'S FINDINGS REGARDING DAMAGES WHERE A JURY DEMAND HAD BEEN FILED, HAD NEVER BEEN WITHDRAWN AND HAD NOT BEEN WAIVED BY DEFENDANT-APPELLANT JAMES HARRISON.
In regard to this assignment of error, Appellees demanded a jury at the time that they filed their complaint. After entering judgment against Harrison on the slander of title claim, the trial court assigned the issue of damages to a magistrate. The magistrate proceeded with a hearing without empanelling a jury. Harrison never objected to proceeding without a jury until after Appellees had finished their presentation of evidence.
In Henning v. Steiner (Oct. 7, 1992), Wayne App. No. 2725, unreported, this Court held that a party who proceeds to a bench trial without objection waives his right to a jury trial. See, also, Nenadal v. Landerwood Co. (May 12, 1994), Cuyahoga App. No. 65428, unreported; Foremost Ins. Co. v. Gimbel Agency, Inc. (Aug. 29, 1997), Portage App. No. 96-P-0203, unreported. In the instant case, Harrison permitted Appellees to present their entire case to the magistrate before finally raising a jury trial objection. As such, Harrison waived his right to a jury trial. The second assignment of error is not well taken.
 IV.
Harrison's third assignment of error states:
 THE TRIAL COURT ERRED IN UPHOLDING THE MAGISTRATE'S FINDINGS REGARDING DAMAGES IN A SLANDER OF TITLE ACTION WHERE THE PLAINTIFF-APPELLEE DID NOT PROVE ACTUAL DAMAGES.
Harrison argues that JM did not incur any actual damages because Cavanaugh paid the costs of this litigation. However, although Cavanaugh agreed to provide JM with the funds to pursue this litigation, JM would have been forced to pay these costs but for the agreement with Cavanaugh. As such, the costs of this litigation were properly viewed as damages suffered by JM.
Additionally, in a footnote in his appellate brief, Harrison raises the issue of whether JM actually lost interest income on the $70,200 in construction loan funds that were withheld by the bank as a result of Harrison's lien. Harrison argues the JM was not damaged by the withholding of this money because the money was actually owed to Cavanaugh. However, because Harrison failed to raise this argument below, it has been waived. See Goldfuss v.Davidson (1997), 79 Ohio St.3d 116, 121.
Harrison's third assignment of error is not well taken.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DANIEL B. QUILLIN
 FOR THE COURT
SLABY, P. J.
BAIRD, J.
CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)