OPINION
{¶ 1} Hotel Innovations is appealing the judgment of the Montgomery County Common Pleas Court, which denied its Civ.R. 60(B) motion for relief from judgment.
 {¶ 2} In July of 2000, Hotel Innovations, Inc. purchased a vacant and dilapidated apartment building located at 36-42 Shaw Avenue in Dayton, Ohio for $6,000. On August 11, 2000, the City of Dayton served a notice of violation on Hotel Innovations' president, informing him that the property was declared a public nuisance in violation of the City's housing code. The notice provided that Hotel Innovations must either rehabilitate or demolish the property. The notice provided that if Hotel Innovations wished to rehabilitate the property it needed to obtain a rehabilitation permit within 15 days and then had 90 days from the issuance of the permit to complete the rehabilitation. Additionally, the notice informed Hotel Innovations that it could contest the nuisance determination by filing an appeal within 15 days. Hotel Innovations neither appealed the notice nor completed the rehabilitation of the building within 90 days.
 {¶ 3} In early 2001, the City moved to demolish the building. On March 2, 2001, Hotel Innovations requested and received a 30 day extension of time to demonstrate a significant improvement in rehabilitating the property. When Hotel Innovations had not rehabilitated the property by May of 2001, the City again moved to demolish the property.
 {¶ 4} In response, Hotel Innovations filed a lawsuit in June of 2001 to prevent the City from demolishing the property. Hotel Innovations requested a preliminary and permanent injunction to stop the demolition of the property as well as a temporary restraining order. In an affidavit filed with the court, Hotel Innovations stated that it had hired various engineers and subcontractors to complete the renovation in 60 days. Shortly thereafter, the parties entered into an agreed entry of settlement. Under the settlement, Hotel Innovations had to meet several deadlines to rehabilitate the property, including applying for HVAC, electrical, and structural permits by July 26, 2001, completing all exterior work by September 10, 2001, and completing all structural work and passing the City's final inspections by October 10, 2001. Hotel Innovations chose the dates for the deadlines and gave itself 30 days in addition to the time it stated was required to complete the rehabilitation in its affidavit. The settlement agreement specifically provided that "[i]n the event that [Hotel Innovations] fails to comply with any of the requirements of this Agreement, the [City of Dayton] shall have the right and authority, without further leave of Court, to cause demolition of the building . . ."
 {¶ 5} After entering into the settlement agreement, Hotel Innovations failed to apply for any of the permits listed in the agreement or complete the exterior work on the property. Further, Hotel Innovations admits that the rehabilitation of the building was not completed by the October 10, 2001 deadline given in the settlement agreement. Although Hotel Innovations stated that the rehabilitation of the property could be completed in 30 days, the City again moved for the demolition of the property.
 {¶ 6} On January 14, 2002, Hotel Innovations filed a Civ.R. 60(B) motion for relief from judgment to obtain relief from the settlement agreement into which it had entered. The matter was referred to the magistrate for a hearing. The magistrate granted Hotel Innovations' motion for relief from judgment, basing her decision on the fact that "the potential injury to Hotel Innovations, Inc. greatly outweigh[ed] the possible injury to the city." The City filed an objection to the magistrate's decision with the trial court. The trial court overruled the recommendation of the magistrate and denied Hotel Innovations' Civ.R. 60(B) motion. Hotel Innovations has now filed this appeal from that judgment.
 {¶ 7} Hotel Innovations raises the following assignments of error:
 {¶ 8} "[1] The Trial Court Erred By Failing To Review Appellant's Civ.R. 60(B) Motion In Compliance With GTE Automatic Electric v.Arc Industries, 47 OHIO St.2d 146 (1976).
 {¶ 9} "[2] The Trial Court Erred By Failing To Grant Appellant's Civ.R. 60(B) Motion."
 {¶ 10} Hotel Innovations argues that under the principles of equity it should be relieved from the settlement agreement as the rehabilitation of the building is nearly completed and the City will not be harmed by granting Hotel Innovations additional time to complete the project. We disagree.
 {¶ 11} The decision to grant or deny a motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. An abuse of discretion implies more than a mere error in judgment but the court must demonstrate an arbitrary, unreasonable, or unconscionable attitude. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218.
 {¶ 12} Civ.R. 60(B) provides a mechanism for parties to obtain relief from a court's judgment or order, stating:
 {¶ 13} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 14} In order to prevail on a motion brought under Civ.R. 60(B), a movant must demonstrate: (1) the existence of a meritorious claim or defense, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is made within a reasonable time. GTE Automatic Electric v. Arc Indus. (1976), 47 Ohio St.2d 146,151; Brunswick v. Svoboda (1983), 6 Ohio St.3d 348, 351. If the moving party fails to meet any of the three prongs, the court should deny the Civ.R. 60(B) motion. Id.
 {¶ 15} Hotel Innovations seeks relief from the consent entry under either Civ.R. 60(B)(1), (4), or (5). Civ.R. 60(B)(1) provides relief from a court's judgment for mistake, inadvertence, surprise or excusable neglect. Hotel Innovations argues that its conduct in failing to rehabilitate the building amounted to excusable neglect or, in the alternative, that it should be relieved from judgment for its mistake of choosing deadlines that could not be met. However, Hotel Innovations did not simply fail to meet a single deadline but failed to meet all of its deadlines. Hotel Innovations had 90 days, which was thirty days more than it stated was necessary, to complete the rehabilitation under the settlement agreement and failed to complete the project. Hotel Innovations failed to even apply for the permits that the settlement agreement required them to get. Moreover, Hotel Innovations was on notice for 15 months that the City thought the building was a nuisance and wanted it either rehabilitated immediately or demolished. Hotel Innovations was given numerous opportunities and second chances to rehabilitate the property and failed to do so. We agree with the trial court that Hotel Innovations' actions amount to inexcusable neglect. Hotel Innovations has simply failed to meet its duties under the settlement agreement.
 {¶ 16} Hotel Innovations additionally argues that it is entitled to relief pursuant to Civ.R. 60(B)(4), which provides relief from judgment when it is no longer equitable that the judgment should have prospective application. "Civ.R. 60(B)(4) was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." Knapp v. Knapp (1986),24 Ohio St.3d 141. Additionally, the Ohio Supreme Court has specifically stated that this relief is not available to individuals who "made a voluntary, deliberate choice to enter into [a] settlement agreement." Id. at 145. Moreover, the Supreme Court stated:
 {¶ 17} "[L]itigants, armed with the knowledge that Civ.R. 60(B)(4) would relieve them of the consequences of their voluntary, deliberate choices, would be encouraged to litigate carelessly. Judgment winners would be unable to rely on their victories . . . All of this would be a subversion of the judicial economy and an opening of the proverbial floodgates, causing Ohio's courts to drown in a sea of duplicative, never-ending litigation." Id.
 {¶ 18} In the instant case, Hotel Innovations made a voluntary and deliberate choice to enter into the settlement agreement. In so doing, Hotel Innovations agreed to meet certain deadlines for rehabilitating the building and that the City could demolish the building if the deadlines were not met. Hotel Innovations cannot now argue that the circumstances of the settlement agreement were unforeseeable. The settlement agreement specifically stated the work needed and the dates by which the work needed to be completed. Hotel Innovations' failure to comply with the settlement agreement was determined by the trial court to be due to its own inexcusable neglect. We cannot say that the trial court abused its discretion in determining that Hotel Innovations was not entitled to relief under Civ.R. 60(B)(4).
 {¶ 19} Finally, Hotel Innovations argues that if it is not entitled to relief from judgment under Civ.R. 60(B)(1) or (4), it should be entitled to relief from judgment under Civ.R. 60(B)(5), which provides relief for any other reason justifying relief from judgment. Civ.R. 60(B)(5) is "only available in those rare situations in which the other four grounds are not applicable." Brown v. Akron Beacon Journal (1991),81 Ohio App.3d 135, 143. Also, if the underlying basis for a relief from judgment motion is neglect, the movant may not invoke Civ.R. 60(B)(5). Id.
 {¶ 20} Hotel Innovations is seeking to set aside the settlement agreement because it failed to timely complete the specified rehabilitation work. The trial court found that Hotel Innovations' failure to complete the rehabilitation work was due to its own neglect in following through with its promises. Also, Hotel Innovations voluntarily entered into the settlement agreement and inexcusably failed to timely perform pursuant to its terms. Justice does not demand relief from judgment in this situation. We agree with the trial court that Hotel Innovations is not entitled to relief under Civ.R. 60(B)(5).
 {¶ 21} Therefore, Hotel Innovations is not entitled to relief under any of the grounds listed in Civ.R. 60(B). Since Hotel Innovations cannot meet the second requirement under GTE, it should not be granted relief under Civ.R. 60(B). We cannot say that the trial court abused its discretion. Hotel Innovations' assignments of error are without merit and are overruled.
 {¶ 22} The judgment of the trial court is affirmed.
FAIN, P.J. and WOLFF, J., concur.