[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Bostick*, Slip Opinion No. 2025-Ohio-5559.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-5559

THE STATE OF OHIO, APPELLEE, *v.* BOSTICK, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Bostick*, Slip Opinion No. 2025-Ohio-5559.]**

*Criminal law—Crim.R. 33(A)(6) requires that a trial court conduct an evidentiary hearing on a motion for a new trial based on newly discovered evidence, but it does not require that the hearing be a formal, oral hearing—Court of appeals' judgment affirmed.*

(No. 2024-0458—Submitted April 2, 2025—Decided December 16, 2025.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 112437, 2023-Ohio-3631.

_____

DETERS, J., authored the opinion of the court, which KENNEDY, C.J., and FISCHER, DEWINE, HAWKINS, and SHANAHAN, JJ., joined. BRUNNER, J., dissented, with an opinion.

**DETERS, J.**

{¶ 1} The question before the court in this case is a simple one—must a trial court conduct an oral hearing before deciding a defendant's motion for a new trial based on newly discovered evidence? The relevant rule—Crim.R. 33(A)(6)—contemplates an evidentiary hearing on such a motion. But there is no requirement that an oral hearing be held. Instead, whether to hold an oral hearing is within the discretion of the trial court.

{¶ 2} In this case, the trial court denied Hollis Bostick's motion for a new trial based on newly discovered evidence without first holding an oral hearing. When Bostick appealed to the Eighth District Court of Appeals, that court found that the trial court had not abused its discretion. We agree and affirm the judgment of the Eighth District.

## BACKGROUND

{¶ 3} In 2003, a jury found Hollis Bostick[1] guilty of the felonious assault and attempted murder of Tommie Griffin (and the accompanying firearm specifications) and of having weapons while under disability. According to testimony presented at trial, Griffin was leaving a restaurant when he saw Bostick and another man, named Lonnie "Bud" McCann approaching the restaurant. A police detective testified that there had been an ongoing dispute between a group called the Redell Boys, with whom Griffin was associated, and the Crumb/Ansel Boys, with whom Bostick and McCann were associated. According to Griffin, he heard Bostick say, "Here's one of them MFers here." After he heard Bostick's comment, Griffin saw that Bostick had a gun in a sling he was wearing on his right arm. Griffin saw Bostick pull the gun from the sling, and Griffin took off running. Bostick chased him and shot at him multiple times, hitting him twice.

---

1. It appears that in his direct appeal, Bostick was referred to as "Jason Bostick," *see State v. Bostick*, 2004-Ohio-1676, but throughout the proceedings relevant to this appeal, he was referred to as "Hollis Bostick."

**{¶ 4}** McCann testified that on the night of the shooting, he and Bostick were outside the restaurant talking with three women. According to McCann, he decided to go into the restaurant to get a drink, and as he approached the restaurant, Griffin walked out the door. McCann heard Bostick make a derogatory comment and saw Griffin take off running. McCann testified that he heard gunshots and saw Bostick shooting a gun. One of the women testified that she saw Bostick shooting a gun and then standing over someone, shooting at him. Griffin managed to get up and run into the restaurant, and Bostick, McCann, and the women left the scene. McCann was arrested within 30 minutes of the shooting because his car was identified as having been at the scene, but he was not charged with any crime related to the shooting. Bostick was eventually charged in the matter. During the trial, defense counsel suggested that McCann was the shooter, pointing to his arrest that took place shortly after the shooting. Nevertheless, the jury found Bostick guilty on all counts and specifications, and the trial court sentenced him to consecutive terms of imprisonment.

**{¶ 5}** Bostick appealed to the Eighth District, which affirmed his convictions but remanded the case for resentencing because the trial court had failed to state the particular facts that supported its imposition of consecutive sentences. *State v. Bostick*, 2004-Ohio-1676, ¶ 21, 33.

**{¶ 6}** In September 2021, Bostick filed a motion for leave to file a motion for a new trial. *See* Crim.R. 33(B). The basis of the motion was a previously undisclosed and recently discovered police report that had been created shortly after the shooting. According to the report, while in the hospital after being shot, Griffin identified McCann as the shooter. Police officers had followed up on the tip and arrested McCann based on Griffin's statement. Attached to Bostick's motion for leave were a copy of the police report and an affidavit from Bostick's trial counsel. In the affidavit, counsel averred that had he known that Griffin had originally identified McCann as the shooter, he would have presented that information to the

jury. Bostick argued in his motion for leave that he was entitled to a new trial because (1) the prosecution had failed to disclose exculpatory evidence, (2) his conviction was secured with perjured testimony, and (3) his trial counsel was ineffective. The State did not file a response to the motion for leave.

{¶ 7} The trial court granted Bostick's motion for leave to file a motion for a new trial, and Bostick filed his motion for a new trial shortly thereafter. The new-trial motion made the same arguments that were made in the motion for leave. And the attachments to the motion were the same—the police report and trial counsel's affidavit. The State filed a response to Bostick's motion for a new trial. Over a year later, the trial court denied the motion.

{¶ 8} Bostick appealed the denial to the Eighth District, asserting a single assignment of error: "The trial court violated Hollis Bostick's state and federal constitutional rights when it summarily denied his motion for a new trial without a hearing and did so after granting him leave to file it." The Eighth District affirmed, concluding that the trial court did not abuse its discretion when it denied the motion without a hearing. 2023-Ohio-3631, ¶ 29. The court of appeals denied Bostick's motions to certify a conflict and for a rehearing en banc. We accepted Bostick's appeal to this court on a single proposition of law:

> When evidence that the defendant was not the perpetrator of the crime is withheld from the defense and not discovered until after conviction, and where the exculpatory value of the evidence is dependent upon its credibility, a trial court must conduct an evidentiary hearing prior to ruling on a motion for new trial prompted by that evidence.

*See* 2024-Ohio-2160.

4

## ANALYSIS

{¶ 9} Bostick devotes a large portion of his brief to challenging the Eighth District's decision regarding the merits of his motion for a new trial. But no proposition of law was presented to this court regarding the materiality of the newly discovered evidence or the court of appeal's conclusion that the "police report does not disclose a strong probability that a different result would have been reached had the jury known about it," 2023-Ohio-3631 at ¶ 22. Instead, the only proposition of law put forth by Bostick focuses on whether a trial court must conduct an evidentiary hearing on a motion for a new trial based on newly discovered evidence. We decline to consider issues beyond the scope of the proposition of law that we accepted for review.[2] *See State v. Wilcox*, 2024-Ohio-5719, ¶ 16 (lead opinion).

{¶ 10} We thus turn our attention to the issue that we did agree to consider—whether a trial court must hold an evidentiary hearing on a motion for a new trial based on newly discovered evidence.

{¶ 11} A motion for a new trial based on newly discovered evidence must be filed within 120 days of the verdict. Crim.R. 33(B). But an untimely motion for a new trial may be filed if the defendant shows "by clear and convincing proof" that he was "unavoidably prevented from the discovery of the evidence upon which he must rely." *Id.* "[S]uch motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the [120] day period." *Id.*

{¶ 12} Bostick's brief in this court mistakenly claims that the trial court denied his motion for leave to file a motion for a new trial and that the Eighth District affirmed that decision. But as Bostick noted in his assignment of error raised in the court of appeals, the trial court granted his unopposed motion for leave to file a motion for a new trial, and the court of appeals' opinion did not address

---

2. The dissenting opinion, on the other hand, wades into an issue not put forth by Bostick. *See* dissenting opinion, ¶ 27-29.

that decision. Instead, the court of appeals considered the trial court's decision denying the motion for a new trial.

{¶ 13} "When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given . . . ." Crim.R. 33(A)(6). If the defendant needs more time to obtain affidavits, "the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case." *Id.* The State is permitted to provide contrary affidavits or other evidence as well. *Id.*

{¶ 14} While Bostick's proposition of law seeks a rule that an "evidentiary hearing" is required, the gist of his argument is that a trial court is required to hold an *oral* hearing during which a defendant may call witnesses. The plain language of the rule does not require an oral hearing.

{¶ 15} "In numerous instances, the General Assembly has used the term 'hearing' without defining it. In those cases, we have left the nature of the hearing to the discretion of the trial court. The common characteristic of those hearings, however, is that they must be evidentiary hearings of some kind." *Pruszynski v. Reeves*, 2008-Ohio-510, ¶ 9.

{¶ 16} An evidentiary hearing, however, does not necessarily need to be a formal, oral hearing. In the civil context, this court has discussed former Civ.R. 56(C)'s provision that a motion for summary judgment "shall be served at least fourteen days before the time fixed for hearing," former Civ.R. 56(C), 86 Ohio St.3d XCIII.[3] *Hooten v. Safe Auto Ins. Co.*, 2003-Ohio-4829, ¶ 12. We explained that the "hearing" referred to in Civ.R. 56(C) "may be either a formal, oral hearing . . . or a 'nonoral,' informal one" and that "[w]hether to grant a party's request for oral hearing is a decision within the trial court's discretion." *Hooten* at ¶ 14.

---

3. The rule has since been amended to delete the reference to a hearing. *See* 2015 Staff Note to Civ.R. 56(C), 142 Ohio St.3d CXVI.

{¶ 17} In *Pruszynski*, we described an evidentiary hearing as involving the "presentation of evidence by affidavits, depositions, and other documents." *Pruszynski* at ¶ 13. We contrasted that type of hearing with an oral evidentiary hearing. *Id.* And in *Hooten*, we referred to a "nonoral hearing," which "may include 'as little as the submission of memoranda and evidentiary materials for the court's consideration,'" *Hooten* at ¶ 9, fn. 1, quoting *Brown v. Akron Beacon Journal Publishing Co.*, 81 Ohio App.3d 135, 139 (9th Dist. 1991). The evidentiary hearing described in *Pruszynski* and nonoral hearing referred to in *Hooten* track what is described in Crim.R. 33(A)(6). The rule refers to a defendant's producing the affidavits of witnesses, not producing the witnesses themselves, for the hearing. *See* Crim.R. 33(A)(6). And the State is permitted to respond with affidavits or other evidence. *Id.* The language used in the rule indicates that in the ordinary course, motions for a new trial based on newly discovered evidence will be determined through nonoral, evidentiary hearings.

{¶ 18} We acknowledge that this court has not always precisely described the type of hearing required by Crim.R. 33(A)(6). Recently, we held that a defendant was "entitled to an evidentiary hearing on his motion [for a new trial.]" *State v. Hatton*, 2022-Ohio-3991, ¶ 36. In *Hatton*, we considered a court of appeals' denial of a motion for leave to file a motion for a new trial. Rather than deciding whether the defendant had satisfied Crim.R. 33(B)'s requirement that he clearly and convincingly show that he had been unavoidably prevented from discovering the evidence on which, if granted leave, he would rely for his motion for a new trial, the trial court decided—without a hearing—that the motion for a new trial itself was meritless. We concluded that the defendant had sufficiently demonstrated that he had been unavoidably prevented from discovering the evidence and that the trial court abused its discretion when it denied his motion for leave to file a motion for a new trial. *Id.* at ¶ 34. And we remanded the case to the

trial court with instructions that it grant the defendant's motion for leave and afford him an evidentiary hearing on his motion for a new trial. *Id.* at ¶ 42.

{¶ 19} We were not asked to decide in *Hatton* whether an oral evidentiary hearing was required. To the extent that our decision can be read to require such a hearing, we clarify, consistent with the language of Crim.R. 33(A)(6), that while an evidentiary hearing—one in which the trial court considers affidavits or other sworn statements submitted to support the defendant's motion—is required, the decision whether to hold an oral evidentiary hearing is left to the discretion of the trial court.[4]

{¶ 20} Having clarified that trial courts have discretion whether to hold an oral hearing on a motion for a new trial based on newly discovered evidence, we consider whether the trial court in this case abused its discretion. During oral argument before this court, counsel for Bostick maintained that had an oral hearing been held, trial counsel could have asked questions about the police investigation of the shooting and about what prompted Griffin to change his identification of the shooter from McCann to Bostick. But Bostick never attempted to place that information before the trial court. In his motion for a new trial—which was largely a reproduction of his motion for leave—Bostick did not request an oral hearing. Indeed, his only reference to a hearing stated that "a trial court has broad discretion to determine whether it is necessary to hold an evidentiary hearing on the motion for new trial." (As discussed above, the hearing contemplated by Crim.R. 33(A)(6) is an evidentiary hearing but not necessarily an oral evidentiary hearing.) Further,

---

4. Despite the dissenting justice's "emphatically and with great concern" dissenting from this court's judgment, dissenting opinion at ¶ 32, the dissenting opinion seems to agree with our conclusion that an evidentiary hearing must be held, *see id.* at ¶ 31. And the dissenting opinion does not argue that an oral hearing is always required. *See id.* at ¶ 25. Instead, the dissenting justice's points of contention are that the trial court did not state when—in the more than one-year period that the motion was pending—the trial court considered the two pieces of evidence put forth by Bostick, *see id.* at ¶ 25, and that the trial court did not "articulate specific findings and conclusions," *id.* at ¶ 32. Crim.R. 33(A)(6) requires neither action, and we will not create such requirements by judicial fiat. And absent any indication to the contrary, we presume that the trial court properly considered the evidence. *See State v. Phillips*, 1995-Ohio-171, ¶ 67 ("a trial court's proceedings are presumed regular unless the record demonstrates otherwise").

in the more than one-year period that his motion for a new trial was pending, Bostick did not request an oral hearing. And in his appeal to the Eighth District, he did not argue that he had been prevented from presenting evidence to the trial court because an oral hearing had not been held. One would be hard-pressed to conclude that a trial court abused its discretion when it declined to hold an oral hearing that was never requested. We conclude that there was no abuse of discretion.

## CONCLUSION

{¶ 21} Crim.R. 33(A)(6) contemplates that a trial court presented with a motion for a new trial based on newly discovered evidence will conduct an evidentiary hearing during which it will consider the defendant's affidavits in support of his motion. The court has discretion whether that evidentiary hearing will be an oral hearing. Here, the trial court did not abuse its discretion when it decided Bostick's motion without an oral evidentiary hearing. We therefore affirm the judgment of the Eighth District Court of Appeals.

Judgment affirmed.

_____

**BRUNNER, J., dissenting.**

{¶ 22} The majority opinion endorses the trial court's entry summarily denying appellant Hollis Bostick's motion for a new trial based on newly discovered evidence as a permissible way to resolve the motion. I disagree. The holding of the majority opinion is that Crim.R. 33(A)(6) requires only an evidentiary hearing and does not specify what kind of hearing must be held. The majority opinion presumes, without supporting information in the record, that the trial court held a nonoral evidentiary hearing, and in the majority's view, such a hearing complies with Crim.R. 33(A)(6). This is based on no real analysis in the majority opinion; rather, it merely dispenses of the controversy based on an assumption that is not supported in the record of the proceedings under review. The trial court's summary denial of Bostick's motion by entry gives no indication that

a hearing of any kind was held. *See Black's Law Dictionary* (12th Ed. 2024) ("summary" means "[w]ithout the usual formalities"). And the extent and type of hearing that was constitutionally necessary to satisfy procedural due process is not evinced in this record.

{¶ 23} When a defendant moves for a new trial, Crim.R. 33(A)(6) permits a hearing on the motion to be delayed if the movant needs more time to obtain affidavits relating to the alleged new evidence, and the rule permits the prosecutor to obtain rebuttal affidavits. Crim.R. 33(A)(6) contains phrases such as "at the hearing on the motion" and "postpon[ing] the hearing of the motion for such length of time as is reasonable under all the circumstances of the case."[5] The rule is not specific about the particular procedures the trial court must follow when it holds the hearing on the motion. And the only language in Crim.R. 33(A) that might support not holding a hearing is in the first sentence, which states that the court may determine whether "the defendant could not with reasonable diligence have discovered and produced at the trial . . . [the] new evidence material to the defense." The rule permits the trial court to use its discretion in determining the nature and scope of the hearing. Thus, in considering a motion filed under Crim.R. 33(A)(6), courts should be guided by the basic premise that defendants are "entitled to careful consideration and plenary processing of their claims including full opportunity for presentation of the relevant facts," *Harris v. Nelson*, 394 U.S. 286, 298 (1969). In *Harris*, the United States Supreme Court reviewed a similar controversy to that in this appeal, but in the context of a habeas corpus action, measuring the extent of

---

5. Crim.R. 36(A)(6) provides:

> When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

discretion permissible in providing procedural due process. The Supreme Court held that due process required procedures that are necessary "to insure that miscarriages of justice within its reach are surfaced and corrected." *See id.* at 290-291.

{¶ 24} Applying this concept to motions for new trial under Crim.R. 33(A)(6), we have held that a "defendant is entitled to an evidentiary hearing when the allegations in the motion [for a new trial] demonstrate substantive grounds for relief." *State v. Hatton*, 2022-Ohio-3991, ¶ 28, citing *State v. Calhoun*, 1999-Ohio-102, ¶ 31. That such a hearing must be *evidentiary* is not in dispute. *See* majority opinion, ¶ 15, 19. So, when a court summarily denies a motion for new trial, we cannot presume that due process was satisfied or that a hearing was held, let alone an evidentiary one. This is especially apropos when no transcript of a hearing is part of the record.

{¶ 25} An entry denying a motion for a new trial under Crim.R. 33(A)(6) should reflect that an evidentiary hearing was held. If the entry does not reflect this, we can neither divine nor concoct what the court may have done. Hence, a one-sentence denial of a motion for a new trial under Crim.R. 33—which is what the trial court's entry in this case is—is insufficient to establish that due process was afforded to the criminal defendant who has asserted a claim under Crim.R. 33(A)(6). *Gutierrez v. Saenz*, 606 U.S. 305, 314 (2025), quoting *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68 (2009) (when a State has created the right to a postconviction process, a defendant may be entitled to certain other procedures "'essential to the realization of [that] right'"). Recognizing the important rights at stake, members of this court have previously cautioned that summary denial is not the best practice. *See State v. Miller*, 2023-Ohio-3448, ¶ 26 (Kennedy, C.J., concurring) ("when denying a motion for leave to file a new-trial motion, as a matter of best practice, trial courts should make findings of fact and conclusions of law because those determinations are essential to prosecute an

appeal"); *Hatton* at ¶ 43 (Donnelly, J., concurring) ("When postconviction petitioners seeking new trials provide evidence outside the trial-court record that potentially undermines the theory of guilt that was used to convict them, courts should hold hearings on the petitions as a regular practice.").  And this case is a poster child for why in such situations, an Ohio trial court should either hold an oral hearing or specify in its entry that it held a nonoral hearing and indicate the date and time the court held the hearing and reviewed the evidence before it.

{¶ 26} We do not know the rationale for the trial court's denial of Bostick's motion for a new trial, but the appellate court gave little weight to the newly discovered evidence and instead, focused on the appellate court's manifest-weight analysis in Bostick's direct appeal, 2023-Ohio-3631, ¶ 20.  The appellate court reasoned that the undisclosed initial statements of the victim to the police that identified a man other than Bostick as the shooter would *not* have affected the outcome of the trial.  *Id.* at ¶ 22.  The court noted that Bostick was convicted at trial after the victim testified that it was Bostick who shot him, with other witnesses corroborating this version of what happened.  *Id.* at ¶ 20-21.

{¶ 27} The appellate court did not consider that the victim's initial identification of the shooter close in time to the incident carries a presumption of reliability over his later identification.  *See Neil v. Biggers*, 409 U.S. 188, 199-200 (1972) (the length of time between the crime and identification is a factor to consider in evaluating the likelihood of misidentification).  In Bostick's case, the victim was interviewed at the hospital.  And according to the undisclosed police report, the victim said he knew the shooter, he said the shooter's nickname was "Bud," and he gave police a description of the vehicle in which the shooter had fled.  These details in the report are additional indicia of reliability of the victim's initial identification of the shooter.  *See id.*  Especially considering that a vehicle matching the description given by the victim was later pulled over by police, the driver admitted that he had been at the location of the shooting when it occurred,

and the driver was identified as Lonnie D. McCann, who went by the nickname "Bud."

**{¶ 28}** The undisclosed police report substantiated Bostick's theory that McCann was the shooter. Bostick could have used the report to impeach the victim's testimony at trial and call into question the reliability of other witnesses. Bostick also argues that the report could have been used to cast doubt over the State's investigation and highlight its failure to investigate McCann as the shooter. But Bostick's defense counsel was never made aware of the undisclosed report.

**{¶ 29}** Bostick demonstrated substantive grounds for relief, a prima facie claim that he was entitled to a new trial. The trial court should have conducted a full evidentiary hearing at which the parties could have presented the undisclosed evidence for the court to determine its import and to determine whether Bostick was entitled to a new trial under Crim.R. 33(A)(6). The record before us bears no indication of how the trial court made its determination to deny the motion for a new trial. As is demonstrated in this case, the practice of summarily denying such motions is arbitrary and unreasonable, and a trial court abuses its discretion when its decision is arbitrary or unreasonable, *State v. Grad*, 2024-Ohio-5710, ¶ 47, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

**{¶ 30}** At a minimum, this court is constitutionally required to remand this case to the trial court and order it to conduct an evidentiary hearing and permit Bostick to fully present his claims. This may mean that the trial court must schedule a hearing for the presentation of witnesses and evidence. Or this may mean that the court must create deadlines for the presentation of evidence and arguments without the in-person appearance of witnesses at court. As would be practical for any case before a trial court on a Crim.R. 33(A)(6) motion, the parties would inform the trial court of the needs in the particular situation so that the court could determine the scope and nature of the evidentiary hearing it must hold. Finally, this court should instruct the trial court to issue findings of fact and conclusions of law to support its

decision.

{¶ 31} I agree with the majority's observation that our case law, other than requiring an evidentiary hearing, does not precisely describe the type of hearing required by Crim.R. 33(A)(6). *See* majority opinion at ¶ 18. But it is disingenuous and unacceptable to acknowledge the lack of specificity in Crim.R. 33(A)(6) as to the type of hearing it requires and then dodge Bostick's claims by noting that he never asked for a specific kind of evidentiary hearing, *see* majority opinion at ¶ 20. Nothing in Crim.R. 33(A)(6) requires Bostick or someone in his position to request a particular type of hearing. Judicially modifying the language of Crim.R. 33(A)(6) to require that a movant specify what *type* of hearing the court should hold will shake the public's confidence in the reliability of the justice system in Ohio.

{¶ 32} Bostick was within his rights to seek an appeal on the issue whether he was entitled to an evidentiary hearing in this case when the trial court's entry does not establish that he received one. It is only right and fair that we should conclude that a summary denial by entry that gives no indication that a hearing was held on a Crim.R. 33(A)(6) motion for a new trial based on new evidence presented in the motion is insufficient both constitutionally and under Crim.R. 33(A)(6). Bostick clearly made a prima facie showing that he was entitled to a new trial, which makes the majority opinion's unsupported conclusions even more egregious. This court should require trial courts to conduct evidentiary hearings on Crim.R. 33(A)(6) motions such that they are able to fully consider the evidence and the law, determine the facts, and articulate specific findings and conclusions that can be reviewed on appeal. Because the majority opinion falls woefully short of this, I emphatically and with great concern, dissent from the court's judgment.

_____

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, for appellee.

Cullen Sweeney, Cuyahoga County Public Defender, and Erika Cunliffe, Noelle Powell-Sacks, and John T. Martin, Assistant Public Defenders, for appellant.

Dave Yost, Attorney General, Mathura J. Sridharan, Solicitor General, and Zachery P. Keller, Deputy Solicitor General, urging affirmance for amicus curiae, Ohio Attorney General Dave Yost.

_____